# CHARLESTON

## LARAWAY v. CROFT LUMBER COMPANY.

Submitted December 8, 1914.   Decided January 19, 1915.

1. APPEAL AND ERROR—*Harmless Error—Overruling of Demurrer.*
   Where a demurrer to faulty counts in a declaration has been overruled, the appellate court will not reverse for the error if all the evidence adduced for the plaintiff was admissible under a good count. (p. 511).

2. PLEADING—*Declaration—Jurisdiction.*
   By the statute, Code 1913, ch. 125, sec. 33, it is not necessary in any action to aver that the cause of action is within the jurisdiction of the court.   (p. 511).

3. WITNESSES—*Cross Examination—Impeachment—Contradictory Statement.*
   Refusal on the cross-examination of a witness to admit an affidavit formerly made by him, tendered for the purpose of contradiction, is not error when the affidavit is not inconsistent with the testimony of the witness.   (p. 511).

4. ACCOUNT STATED—*Rebuttable Admission—Account Rendered—Failure to Object.*
   Failure to object within a reasonable time to an account rendered amounts only to a rebuttable admission, not to an estoppel.   (p. 512).

5. TRIAL—*Misleading Instruction—Refusal.*
   An instruction tending to mislead the jury from proper issues in the case should be refused.   (p. 512).

Error to Circuit Court, Upshur County.

Action by A. B. Laraway against the Croft Lumber Company.   Judgment for plaintiff, and defendant brings error.

*Affirmed.*

*Young & McWhorter,* for plaintiff in error.

*J. M. N. Downes,* for defendant in error.

ROBINSON, PRESIDENT:

This is an action in assumpsit to recover money for work done and for goods and chattles sold. Plaintiff has judgment, and defendant prosecutes error.

The judgment follows a verdict of the jury based upon the consideration of conflicting oral testimony of witnesses. The finding of the jury was within their province. From the record we would not be warranted in saying that the verdict was contrary to the evidence.

It is submitted that the demurrer to the declaration should have been sustained as to some of the counts. But the common counts are unquestionably good. All the evidence that was admitted was admissible under the common counts. The case that was proved, was provable under them. Then, though it be that the demurrer ought to have been sustained as to some of the other counts, there is no reversible error. Many decisions are here in point, but it suffices to set forth the following: "Where a declaration contains two or more counts, and there is a demurrer to each count; some of the counts are bad, and the demurrer is overruled as to all; the evidence is all certified, and the case is brought to this court on a writ of error; *Held:* Notwithstanding it was error to overrule the demurrer to the bad counts, still, if the court is satisfied that all the plaintiff's evidence was admissible under the good counts, it will not reverse the judgment of the trial-court for such error." *Hood* v. *Bloch,* 29 W. Va. 244.

The point insisted on that no venue was laid in the declaration is not true as to the common counts. Besides, the statute distinctly provides: "It shall not be necessary in any action to aver that the cause of action arose or that the matter is within the jurisdiction of the court." Code 1913, ch. 125, sec. 33.

On the cross-examination of a witness, defendant sought to contradict him by the introduction of a copy of an affidavit he had formerly made. The court refused to admit the affidavit. Defendant submits this was error. The affidavit,

it seems, could well have been admitted for elucidation of defendant's theory of the case. But the affidavit contains no material contradiction of the witness. For its exclusion, we shall not reverse. Viewing the case as a whole, we are of opinion that the admission of the affidavit would not have changed the finding of the jury. Nothing which the witness had stated in the affidavit is inconsistent with what he stated in his testimony. We must assume that the jury were intelligent. Taking them as such, we know that if the affidavit had been admitted, they could have given no weight to it as a material contradiction.

Defendant's instruction number five was properly refused. In relation to defendant's claim of set off, it would have told the jury that if they believed that defendant rendered to plaintiff a statement of the account and plaintiff did not object to certain items thereof within a reasonable time, he is estopped to deny the correctness of such item. This is not the law. Failure to object within a reasonable time to an account rendered does not create an estoppel. It does amount to an admission, but only to that. The admission, however, is one which may be rebutted.

The refusal of defendant's instruction number six was also proper. This instruction wholly ignored plaintiff's theory that he had by a valid agreement with defendant been relieved from any liability on the matters embraced in the account of set off. The instruction should have been conditioned on the jury's not believing from the evidence plaintiff's theory that the set off had been discharged as a whole. Otherwise, by reason of the substance of the instruction, it would have told the jury to consider defendant's set off as an unsettled one for which plaintiff was liable. The instruction called upon the jury to consider tannery weight and measurement in relation to the bark embraced in the account of set off. Yet plaintiff's evidence was that he had been totally discharged from liability for the set off. The ignoring of plaintiff's evidence in this particular, in giving such an instruction, would certainly be prejudical to plaintiff. It would mislead the jury to believe that consideration should be given to the items of set off in any event. An important issue was whether plaintiff was at all liable for the account

of set off.  The instruction would have tended to mislead
the jury from this issue.  An instruction tending to mislead
the jury from proper issues in the case, should always be
refused.

Two other assignments remain.  They are plainly unten-
able and have not been argued.  The judgment will be
affirmed.

*Affirmed.*