# CHARLESTON.

## STATE v. CLIFFORD JOHNSON

### (No. 6135)

Submitted May 8, 1928.     Decided May 19, 1928.

CRIMINAL LAW—*Evidence of Other Similar Crimes Near in Time, Showing Offense in Question is Part of System, May be Relevant to Show Motive or Intent; in Prosecution for Taking Money by Force, Evidence of Other Similar Offenses Held Admissible to Show Motive of Assault.*

On the trial of a specific offense, evidence of other crimes chargeable to the accused may be relevant to show motive or intent, when the other crimes are similar in character and near in point of time to the specific offense and indicate that the latter is part of a system of criminal action.

(Criminal Law, 16 C. J. §§ 1140, 1196.)

(NOTE: Parenthetical references by Editors, C. J.—Cyc. Not part of syllabi.)

MILLER, PRESIDENT, absent.

Error to Circuit Court, Logan County.

Clifford Johnson was convicted of assaulting another and taking money from him by force, and he brings error.

*Affirmed.*

*Hicks & Chambers,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

Upon conflicting testimony Clifford Johnson was found guilty of assaulting Mike Litafik and taking $20.00 from him by force. Clyde McCormick and Troy Deskins, who were indicted jointly with Johnson, were acquitted. Johnson admitted the assault; but claimed that after the fight Litafik became friendly and loaned him the money. During the trial, A. Sayre, a witness for the State, testified that accused also beat him up and demanded money; and John Hines, another of State's witnesses, charged Deskins with having knocked him down and searched his clothes for money in the presence of two unidentified men. It later transpired that McCormick assaulted the witness instead of Deskins, and that Johnson was present. McCormick denied searching Hines. The assaults on Sayre and Hines occurred within twenty-four hours prior to the assault on Litafik. Deskins and McCormick were both present when Litafik was assaulted by Johnson, and McCormick was charged by Litafik with assisting Johnson in the assault. The only error insisted upon here is the admission of the evidence as to the assaults on Sayre and Hines.

Johnson relies on the general rule that upon the prosecution for a particular crime, evidence of other independent crimes is inadmissible, citing 16 C. J., 586. Corpus Juris and other standard authorities recognize certain well established exceptions to that rule. 16 C. J. 587; Wharton's Cr. Ev. (10th ed.) Vol. 1, sec. 31. One of the exceptions is stated as follows: "Where the crime charged is part of a plan or system of criminal action, evidence of other crimes near to it in time and of similar character is relevant and admissible to show the knowledge and intent of the accused and that the act charged was not the result of accident or inadvertence. This rule is often applied where the crime charged is one of a series of swindles or other crimes involving a fraudulent intent for the purpose of showing this intent." 16 C. J., sec. 1140, p. 591. See also 16 C. J., sec. 1196, p. 610; Underhill Cr. Ev., (3rd Ed.), sec. 154.

The assaults on Sayre and Hines were similar in character and near in point of time to the one on Litafik. That evi-

dence shows a common design running through the assaults, to-wit, the procurement of money by means of assault. It was therefore admissible to "illustrate the question of intent" in the attack on Litafik.

The judgment of the lower court is therefore affirmed.

*Affirmed.*