# CHARLESTON.

C. E. Smith, Administrator, *etc., v.* Ira Abbott *et als.*

(No. 6196

Submitted September 11, 1928.   Decided October 2, 1928.

*Dillon, Mahan & Holt,* for plaintiffs in error.
*Love & Love* and *Osenton & Lee,* for defendant in error.

Litz, Judge:

The defendants, Ira Abbott and Charles Montgomery, prosecute error to the judgment of the circuit court entered upon a verdict of $10,000.00 against them in favor of the plaintiff, C. E. Smith, as administrator of the estate of Marvin Smith, deceased, for the death of the decedent (a child nine years of age) from injuries sustained when struck by an automobile belonging to Montgomery and operated by Abbott.

The accident occurred on the public road about three miles from the town of Montgomery, Fayette county, between five and six o'clock P. M., of June 22, 1926.

The errors assigned relate solely to the liability of the defendant, Montgomery, which is based upon the grounds: (1) That Abbott was driving the automobile at the time of the accident as the servant of Montgomery; and (2) that Montgomery permitted Abbott, while intoxicated, to drive the car on the public road.

The alleged relation of master and servant between Montgomery and Abbott at the time of the accident is accounted for by the plaintiff upon the theory that the latter was sent by the former to the home of John Smith for liquor. The evidence relied on in support of this claim is, that on previous occasions Abbott had driven the car alone and in company with Montgomery to and from the Smith home and other places; that the Smith home had the reputation of being a place where liquor could be obtained; that persons, including Abbott, had previously been arrested while coming from there with liquor; that Montgomery had been seen on at least one occasion in an intoxicated condition coming from the Smith home accompanied by Abbott; that Montgomery was, at the time Abbott left with the car, at the Haynes home under the influence of liquor; that Montgomery furnished bail and employed counsel for Abbott charged with manslaughter for causing the death of the decedent; that upon Abbott's conviction of involuntary manslaughter and sentence to pay a fine and serve thirty days in jail, Montgomery loaned him money to pay a part of his fine; and that a few hours after the accident Montgomery took a long drive in an automobile with Mrs. N. L. Haynes and her sister, stating to the driver during the trip, that "he didn't know whether the state police would bother him or not, but he said he wouldn't like for them to arrest him while he was drinking; that he couldn't help what Ira had done, or anything but he would rather they wouldn't get him while he was drinking." There is no direct proof that Abbott was driving the car at the time of the accident on an errand of Montgomery or by his permission. They both deny that Abbott had been sent

by Montgomery or permitted to drive the car on the occasion in question.

· According to the evidence of the defendants, Charles Montgomery, a resident of the town of Montgomery, in the early afternoon of the accident, parked his automobile on Gaines Street in said town near the home of N. L. Haynes to which he went; being unable to start the car on his return a few minutes later, instructed Ira Abbott to ascertain and remedy the defect if any existed, and if he could not do so himself to secure the assistance of a mechanic. After attempting unsuccessfully to do so by himself, Abbott engaged O. W. Ollom, an automobile mechanic who finally placed the car in running order. Abbott then delivered it to the place where he found it on Gaines Street near the Haynes home; going into the Haynes home, where Montgomery was lying on a bed in a partially intoxicated condition, he left the house soon thereafter, at the suggestion of Mrs. Haynes and her sister, Mrs. Della Abbott, to drive the automobile of Mrs. Abbott with her young daughter around the town of Montgomery; but finding on reaching the street that Mrs. Abbott's car had been driven away by her daughter, he decided, without securing the permission of the owner, to drive Montgomery's car to his own home about two miles away; and after reaching there, in company with his wife, proceeded one mile further to the home of John Smith. Smith being away from home, Mrs. Smith and her several children accompanied the Abbotts for a short drive. Returning to the Smith home Mrs. Abbott and the Smith family got out. Abbott then drove to the town of Montgomery, returning a short while later after Smith had reached home, and again accompanied by his wife drove to his home where his wife stopped; going then to the town of Montgomery and returning home where his wife again joined him, the two were taking another ride when the accident occurred.

Contending that the evidence is insufficient to warrant the finding of the jury against him, the defendant, Montgomery, insists also that the judgment should be reversed because of improper rulings of the trial court in admitting evidence for the plaintiff, granting erroneous instructions on behalf of the

plaintiff. and refusing proper instructions for the defendants. Particular complaint is directed against the following instruction granted on behalf of the plaintiff: "The court instructs the jury that in order for one person to constitute another his agent it is not necessary that money should pass between them, nor that there should be an employment of one by the other for a designated purpose but the fact of agency may arise from the conduct of one man toward another indicating a common purpose or understanding, and you are further instructed that if you believe from the evidence in this case that Chas. Montgomery and Ira Abbott used Montgomery's car for the purpose of visiting the home of John Smith, and there obtaining liquor to be used by them in common, and that Montgomery permitted Abbott to drive his car to the house of John Smith, with the knowledge and understanding that he was to obtain liquor to be used by them in common, then this together with all other circumstances arising out of the evidence in the case may be considered by you in passing upon the question of agency, and if after having considered all of the evidence introduced in this case, you are led by a preponderance of the weight thereof to the belief that an agency existed and believe that Abbott was at the time of the accident acting as Montgomery's agent and within the scope of his authority, then you are instructed that if you find the law and the evidence to warrant a verdict against Ira Abbott, it would be your duty to find the same verdict against Chas. Montgomery.'' The objection to this instruction is that it calls special attention to a part of the evidence and thereby tends to divert the jury from its duty of arriving at a verdict from all of the evidence in the case. An instruction which singles out and calls the attention of the jury to a particular point in the evidence that is indecisive and a mere circumstance bearing upon the issue of fact to be decided, omitting reference, except by the use of the words "in connection with the other facts and circumstances of the case," to all other important circumstances in proof, is erroneous and misleading as giving undue prominence to such indecisive point. *Bice* v. *Wheeling Electrical Company,* 62 W. Va. 685. "An instruction calling the jury's attention to a particular, uncontrolling

fact or circumstance, and thereby giving it undue prominence, is properly refused." *Cain* v. *Traction & Electric Company*, 85 W. Va. 434.

We are of opinion also that the evidence is insufficient to support an instruction upon the theory that Abbott was driving the car at the time of the accident as the servant of Montgomery. There is not only no direct evidence of this fact, but assuming that Abbott had been sent by Montgomery to the home of John Smith for liquor, this mission had ended and Abbott, in company with his wife, was driving for pleasure when the accident occurred. He had been at the Smith home three times—twice while Smith was away and once after his return—and had passed beyond the Smith place nearly one-half of a mile at the time of the accident. Counsel for plaintiff, appreciating the force of this situation, rely upon the rule enunciated in *Jones* v. *Cook*, 90 W. Va. 710, that the driver of an automobile is presumed to be in the service of the owner, operating it on his account, and contend that it was entirely within the discretion of the jury to disregard the evidence showing that Abbott was on a mission of his own and not in the service of Montgomery at the time of the accident. We do not think the jury would be warranted in such action, in view of the positive testimony of the defendants' witnesses substantiated by the circumstances in the case. The jury is not at liberty to reject the positive testimony of witnesses which is not controverted by circumstances or other evidence. A verdict against the owner of an automobile for the negligence of the driver was set aside in *Ritter* v. *Hicks*, 102 W. Va. 541, on the ground that the driver was not operating the car on the owner's account, notwithstanding the presumption of liability in the absence of countervailing proof.

As to whether or not the evidence is sufficient to submit to the jury the question of liability against Montgomery based upon the ground that he permitted Abbott, while intoxicated, to drive the car, conflicting instructions were permitted. In plaintiff's instruction No. 1, the jury was instructed that if Montgomery permitted Abbott to drive the automobile "knowing him to be at the time in an intoxicated condition, and that said Abbott as a proximate result of his intoxicated condition

negligently drove the car into Marvin Smith causing his death, then it would be your duty to find for the plaintiff and assess his damages at such amount as you think him entitled not to exceed $10,000.00'' Plaintiff's instruction No. 2 told the jury that if they believed from a preponderance of the evidence that ''Montgomery on the day of the accident permitted Ira Abbott to take and drive his automobile, and further believe that Abbott was a man who frequently became intoxicated and likely to drive said car while in an intoxicated condition, and believe that this was known to Chas. Montgomery at the time, and further believe that Ira Abbott became intoxicated and as the proximate result thereof negligently drove said car into Marvin Smith thereby causing his death, then it would be your duty to find for the plaintiff, and assess his damages at such amount as you think him entitled.'' In defendants' instruction No. 4, the jury are informed that ''the burden is on the plaintiff to prove that Ira Abbott was acting as the agent, servant or employee of Charles Montgomery at the time of the accident and unless you believe the plaintiff has proved that Abbott was acting in such capacity at the time of the accident for Charles Montgomery, then you should find said Charles Montgomery not guilty.''

The only evidence that Abbott was drinking on the day of the accident prior to the time he first started with the car from Montgomery to his home, is the testimony of Richard Minor who, at the time of the trial, was serving a jail sentence in Fayette county on a liquor charge. This witness testified that in the afternoon between one and two o'clock he saw Abbott in the town of Montgomery and thought he had been drinking intoxicating liquors, because of the red appearance of his face, which might have been due to ''the heat of the day.'' This witness did not claim that he smelled the odor of liquor on Abbott or observed anything in his conduct indicating that he had been drinking. J. W. Ollom, who assisted Abbott in repairing the automobile immediately before he started on the drive, and Mrs. Haynes and her sister, Mrs. Della Abbott, who were with him at the very time, all say that they saw no evidence of any kind indicating that Abbott had been drinking. There is also only one witness, an aunt

of the deceased, who claims to have observed any evidence of intoxication on the part of Abbott at the time of the accident, although there seems to have been a great many people around the scene in his presence immediately thereafter. Moreover, at the request of the plaintiff, Abbott took the child to the hospital in the car soon after the accident. Abbott drove the car while the plaintiff sat in the same seat between him and Mrs. Abbott holding the child across his lap and the lap of Mrs. Abbott. Plaintiff says that Abbott drove the car at irregular rates of speed and also selected a short piece of uneven road in reaching the hospital, but does not claim that he smelled liquor on the breath of Abbott, notwithstanding his close proximity to him in the drive of more than three miles. Andy Hall who rode in the rumble seat of the car and had his face close to that of Abbott says he smelled no odor of liquor on Abbott. Frank Bennett and L. A. Taylor, members of the department of public safety, who arrested Abbott at the home of John Smith about twelve o'clock that night, say that he was drowsy and from the odor of his breath had been drinking intoxicating liquors several hours previously. There is not only no direct evidence that Abbott was driving the car with the permission of Montgomery, but the testimony is also insufficient to show either that Montgomery knew that Abbott was intoxicated, if he was in fact, at the time he took possession of the car, or that Montgomery knew Abbott was addicted to the use of intoxicating liquors.

We, therefore, conclude that the peremptory instruction requested by the defendant, Charles Montgomery, should have been given. We find no error in the admission of evidence.

The judgment against the defendant Ira Abbott is affirmed, and the judgment is reversed, the verdict set aside and a new trial awarded as to the defendant, Charles Montgomery.

*Affirmed as to Abbott; reversed, verdict set aside, new trial awarded as to Montgomery.*