## CHARLESTON.

STATE *v.* DONALD VINEYARD

(No. 6461)

Submitted October 8, 1929.    Decided October 15, 1929.

6

*John M. Baker,* for plaintiff in error.

*Howard B. Lee,* Attorney General, and *R. A. Blessing,* Assistant Attorney General, for the State.

HATCHER, JUDGE:

The defendant was convicted and sentenced under an indictment charging him with owning, operating, maintaining, possessing anl having an interest in a moonshine still. The evidence in brief on which the state relied for conviction is as follows: On one occasion the accused helped Arthur Long attempt to make moonshine liquor in Long's house with mash and apparatus owned by him, but the product was not intoxicating; following this experiment Long turned over to the accused a can suitable for use in manufacturing liquor; shortly afterwards the accused reported to Long that he had made some good whiskey; sometime later, Long, in company with officers of the law, went to the home of the accused at night; under coaching of the officers Long entered the house

alone and asked the accused "where is the still", to which the accused replied that it was in the Taylor Hollow by a big log lying up and down the hill; and a used still was found at the place so described.

What took place at Long's home does not sustain the charges against the accused. The still, the mash and the place were all Long's. Nothing indicates that the accused owned even an interest in the still. He simply assisted Long. But the evidence that (1) a can suitable for making moonshine liquor was turned over to the accused, (2) shortly afterwards the accused said that he had made some good whiskey, and (3) his knowledge of the whereabouts of the still, sustains the charges of possessing and operating a still. It appears that Long was a most unsubstantial witness, making positive statements as to material facts at one time and later qualifying or admitting the incorrectness of his statements. Despite want of consistency, his credibility as a witness was a jury question.

It appears that during the trial and in the presence of the jury the prosecuting attorney was permitted to dismiss a witness with the remark, "He don't seem to want to tell the truth"; to assert what a witness had said off the record; and to state his information as to what someone (not put before the jury) would say in contradiction of a witness. The court itself was not exempt from improper comment. True, upon objection, the court informed the jury that its remark was meant to be jocular. But a court should not jest before the jury at the expense of one whose liberty is in jeopardy. The conduct of court and counsel for the state was prejudicial to the accused and constitutes reversible error. *State v. Hively*, 103 W. Va. 237.

A defense witness stated on cross-examination that he had heard the defendant and "what-is-his name" accused of making liquor, but didn't know whether they were into it or not. See record, p. 120. The state was permitted, under the guise of contradiction, to show that the witness had said that his son—who had been arrested for a violation of the prohibition laws—"would never have been into it" if the accused and Arthur Long had not "toled" his boy away from home. This

evidence was both gratituous and prejudicial. Other immaterial evidence on collateral matters was improperly introduced by the state; but not being injurious to the accused, does not of itself constitute reversible error.

Three instructions were given at the instance of the state. The objections to numbers one and two are technical and suggest no harmful error. Number 3 is as follows:

"The jury is hereby instructed that if the defendant was present at the time the attempt was made to make liquor on the still at the home of Arthur Long, and in any way aided in making the sour liquid which came out of said still that fact makes him one of the principals in the case, and if they believe from the evidence in this case beyond a reasonable doubt that the defendant did in any way assist in the making of any liquor on the apparatus described in the evidence at the home of Arthur Long, whether the said liquor was intoxicating or not, you shall find him guilty as charged in said indictment."

The state relies on *State* v. *Powers*, 91 W. Va. 737, as justifying the instruction. It is true as a general proposition that all who assist in the commission of a felony are guilty and punishable as principals. However, under section 37, chapter 32-A, Code, the punishment for a principal in the operation of a moonshine still is a fine of from three to ten hundred dollars and confinement in the penitentiary from two to five years; while the punishment for an assistant, is a fine of from two to five hundred dollars and confinement in the penitentiary from one to three years. As the accused merely aided Long upon the occasion mentioned, he was not punishable as a principal under the statute, and the instruction is misleading. He is not charged in the indictment with aiding and abetting the operation, consequently, the direction to find him guilty "as charged in the indictment" for merely assisting Long was improper, and prejudicial.

The judgment of the lower court is, therefore, reversed, the verdict set aside and a new trial awarded.

*Judgment reversed; verdict set aside; new trial awarded.*