# CHARLESTON.

STATE *v.* HURSTON ADKINS

(No. 6624)

Submitted October 21, 1930. Decided October 28, 1930.

*J. Floyd Harrison* and *M. J. Ferguson,* for plaintiff in error.

HATCHER, JUDGE:

This writ of error involves the admissibility of certain evidence upon a charge of operating a moonshine still, of which charge defendant was convicted.

Jennings Adkins had confessed to operating a still and was under sentence at the time of this trial. He testified that about February 10, 1929, he saw the defendant (who is his brother) and Albert Morrison take part in making eight or ten gallons of whiskey on a moonshine still located on top of a high piney knob on Grassy Lick Branch; and that in connection with the still they used two mash barrels of about 50 gallons each. Officers of the law testified that on March 23, 1929, they found the defendant and Albert Morrison (with another) sitting down in a pine thicket on top of a hill on Grassy Lick Branch, at a place where were two 50 gallon barrels of mash, a 50 gallon oil tank drum, several empty gallon jugs, cut wood and ashes; that the ground all around was well tramped down indicating much use; that the defendant remarked that two of his brothers would be coming there later and after a while Jennings and Ollom Adkins did come. At the close of the state's case, the defendant moved to strike out the evidence of the officers relating to acts subsequent to February 10, 1929, the overruling of which motion is the error alleged here.

The defendant denied making moonshine whiskey or having any connection whatsoever with a moonshine still. On cross-examination, without objection by his counsel to the interrogation, he stated that he went to the knob on March 23, 1929, after being told by Albert Morrison that liquor was being made there; that his purpose in going was to have "the boys" quit making it; that he sat down above the mash barrels, and was talking when the officers came; that afterwards when he heard persons approaching, he said to the officers not to shoot as one of them might be his brother, and that he was not expecting Ollom, but thought Jennings might be there. When Jennings arrived, he had a part of a still (what part not mentioned) which he said was a part of the still used by defendant and others on February 10, 1929.

The fact that the defendant was at the place on March 23rd

where preparations were evidently in progress to make a run of liquor may raise a strong suspicion of his interest therein; but that fact alone is not sufficient at law to make a prima facie case against him. Proximity to mash or to a still will not alone necessarily constitute a violation of the prohibition statutes. See generally *State* v. *Johnson,* 104 W. Va. 586. But say for sake of argument that the defendant's conduct on March 23rd was criminal. In support of his point of error he cites a class of cases on sexual crimes from Missouri, Michigan, Oklahoma and New York, holding, as one of the cases states, "such acts occurring subsequent to the one charged and relied on for conviction cannot be considered by the jury as corroborating evidence, or for any other purpose, as they have no such tendency." *Cecil* v. *The Territory,* 16 Okla. 197, 201. Defendant also cites *State* v. *Baker,* 93 W. Va. 55, holding as inadmissible evidence of sales of liquor subsequent to the sale upon which the state elected to prosecute. The opinion states that the subsequent sales "had no relation" to the prior one. All of these decisions are doubtless sound under the facts of each case. It is a general rule of law that evidence of one offense is not admissible on the trial of another one. 16 C. J., p. 586, sec. 1132. This rule has been wisely deduced from juridical experience and observation. But exceptions to the rule are as well established and "founded on as much wisdom and justice as the rule itself." 16 C. J., p. 587, sec. 1133. 2 Jones Comm. on Ev., sec. 632; Underhill's Cr. Ev. (3rd Ed.), sec. 151. It would be irrational to assert that proof of a subsequent crime would never tend, irrespective of circumstances, to support evidence of a prior one. It may often happen that two offenses are so closely related in time and place or in some other manner as to form "one chain of relevant circumstances." Therefore the true test of the admissibility of evidence of a subsequent offense should be the same as the test of the admissibility of other classes of evidence, i. e. does proof of the subsequent act have some logical connection with and tend to establish the specific crime charged? 8 R. C. L., p. 206, sec. 200; Underhill, *supra,* sec. 154.

On March 23rd defendant was at the same place he was said to have been on February 10th (a place with evidences of

former trampling and former fires); he had the same associate, Albert Morrison, on the latter date as he was said to have had on the former; when the officers came he was expecting the arrival of Jennings, who claimed to have been present on the former date; and on the latter occasion defendant was apparently awaiting the completion of preparations for someone to do the same act (at the same place and with the same outfit, in part) which he was charged with having done on February 10th. Each one of the foregoing correlations may be explained on a hypothesis not connecting defendant with the operation on February 10th; but the series of correlations is so exceptional that it tends to establish that connection. The weight of that tendency was of course a question for the jury.

Under the above test the evidence relating to defendant's conduct on March 23rd was admissible. The judgment of the circuit court is accordingly affirmed.

*Affirmed.*