STATE OF WEST VIRGINIA *v.* ROY LEATHERWOOD

(No. 7139)

Submitted May 17, 1932. Decided May 24, 1932.

*Hubbard & Bacon,* for plaintiff in error.

*H. B. Lee,* Attorney General, and *W. Elliott Nefflen,* Assistant Attorney General, for the State.

HATCHER, PRESIDENT:

Defendant was convicted of participating in the robbery of a gasoline filling station. He seeks reversal, charging insufficiency of the evidence to sustain conviction and error in the admission of evidence, and in an instruction given at the instance of the state.

The attendant of the filling station positively identified the accused as one of two unmasked robbers, who with drawn pistols forced him to surrender the money of the station. There were also circumstances corroborating the attendant. The accused denied any connection whatever with the robbery and attempted to prove an alibi. The conflict in the evidence was a jury question. The evidence offered by the state is ample to sustain the verdict.

Evidence was introduced tending to show that three days after the robbery a certain revolver was fired near a public resort and then thrown away either by defendant or a companion who was an alleged accomplice in the robbery. The revolver was not identified as one had by the robbers, or even shown to be similar in appearance to either of the revolvers presented by them. This evidence does not tend to establish the specific crime charged and was therefore inadmissible. "The test of the admissibility of evidence of a subsequent offense is, does proof of the subsequent act have some logical connection with and tend to establish the specific crime charged." *State* v. *Adkins*, 109 W. Va. 579, 155 S. E. 669, (see authorities cited p. 581). The evidence of the subsequent offense tended to show that the accused was a lawless character, and was therefore prejudicial.

The instruction complained of follows: "The Court instructs the Jury that robbery is feloniously and forcibly taking from the person of another goods or money of any value by violence or by putting in fear and the Court further instructs the Jury that, if you believe beyond a reasonable doubt, that the defendant, Roy Leatherwood by himself or in company with Odell McGaha did on the 11th day of March, 1931, feloniously and forcibly by putting Aubrey Biggs in fear, take from the said Aubrey Biggs the

sum of seventeen dollars, then you are instructed to find the defendant, Roy Leatherwood, guilty as charged in the indictment.''

The indictment charges that the robbery was accomplished by means of a dangerous and deadly weapon. This instruction would be more apt if it followed the charge in the indictment. The instruction omits the *animus furandi*. It would be more complete if the element of intent were included. The instruction is therefore imperfect, though not essentially prejudicial, and should be corrected upon another trial.

For the error in admitting evidence as to the subsequent offense, the judgment is reversed, the verdict set aside, and a new trial awarded the accused.

*Reversed; verdict set aside; new trial awarded.*