STATE OF WEST VIRGINIA

*v.*

CLYDE MOUBRAY

(No. 10597)

Submitted January 19, 1954. Decided March 23, 1954.

536

*Salisbury, Hackney and Lopinsky, Samuel D. Lopinsky, Dennis R. Knapp,* for plaintiff in error.

*John G. Fox,* Attorney General, *Fred H. Caplan,* Assistant Attorney General, for defendant in error.

HAYMOND, JUDGE:

The defendant Clyde Moubray was indicted by a grand jury attending the Intermediate Court of Kanawha County at the September Term, 1952, for the crime of incest. The indictment charged that the defendant in the month of July, 1952, in Kanawha County, did unlawfully and feloniously have sexual intercourse with his daughter and stated her name. A demurrer and a motion to quash the indictment were overruled and upon the indictment and his plea of not guilty the defendant was tried and convicted of the offense charged in the indictment. Motions of the defendant to set aside the verdict and grant him a new trial and in arrest of judgment were overruled and by judgment rendered December 9, 1952, he was sentenced to be confined in the penitentiary of this State for an indeterminate term of not less than five years or more than ten years.

A writ of error was refused by the Circuit Court of Kanawha County on April 3, 1953, and this writ of error was granted by this Court on June 15, 1953, upon the petition of the defendant.

The daughter of the defendant, who at the time of the trial was a few days less than fourteen years of age, testified as a witness in behalf of the prosecution that a short time after July 4, 1952, at the home of her parents, who

are the defendant and his wife, in East Nitro, Kanawha County, the defendant had sexual intercourse with her in a bedroom in the evening after supper when her mother was temporarily absent from the home. She also testified that more than a month before this occurrence the defendant, on two or three occasions, had sexual intercourse with her at his home in East Nitro, and that after the act committed by the defendant in July, which was the last act of sexual intercourse to which she testified, she told her mother, and her half sisters, Phyllis and Betty, stepdaughters of the defendant, and a police officer at Nitro, of the conduct of the defendant. She further testified that some time later she went to police headquarters in Nitro, accompanied by her mother and, at her instance, told a police officer there a different and contradictory version of the affair, and that she also told two women, who testified in behalf of the defendant, and the attorney for the defendant that the defendant had not had relations with her. After the matter was reported to the police authorities the defendant, who was forty six years of age and employed as an oiler by American Viscose Company, was arrested and charged with the offense.

Over the objection of the defendant the State introduced the testimony of Phyllis, who at the time was married and living with her husband at Nitro, that before she left the home of the defendant and before she was married, the defendant committed numerous acts of sexual intercourse with her from the time she was seven or eight years of age until she left his home to live with her grandmother when she was sixteen years of age. This witness also testified that the last of such acts was committed before she left home and that at the time of the trial she was twenty one years old and had been married about three years.

Another stepdaughter of the defendant, whose name is Betty, testified, over the objection of the defendant, that before she was thirteen years old and until about one year before she was married, the defendant had had sexual intercourse with her at different times in his home.

She also testified that she was nineteen years of age at the time of the trial, that she was married about three years previously when she was sixteen years of age, and that the last time the defendant had sexual intercourse with her was about one year before her marriage. The evidence of these two witnesses concerning the prior sexual acts of the defendant with them was offered by the State for the purpose of showing motive, system and intent upon the part of the defendant but not his guilt or innocence of the offense charged in the indictment, and the trial court so instructed the jury.

After the daughter of the defendant reported his conduct to the officers she was examined by a doctor who testified that his findings indicated that she had had sexual intercourse repeatedly during a period of several months. She testified that she had never had sexual intercourse with any person other than her father.

At and prior to the trial the stepdaughters of the defendant were not friendly with him. He and their mother were married about seventeen years before the trial and he testified that he had had prior disagreements with each of his stepdaughters. The wife of the defendant testified as a witness in his behalf and at that time she was living in his home.

Several witnesses for the defendant stated that his reputation for morality in the community in which he lived was good. He testified in his own behalf and denied that he had ever had sexual intercourse with his daughter or with either stepdaughter. He also testified that he was surprised when informed of the offense for which he was arrested and did not know the nature of the charge against him until he was informed of it by the officer who arrested him.

On cross-examination the defendant was asked if he had been previously convicted of the offense of "drunken driving" by H. D. Meador, a justice of the peace in Saint Albans, upon a plea of guilty and paid a fine and costs, and if his automobile had been impounded in June, 1941.

He stated that he had then been convicted of the offense of "not having an operator's license" but had not been convicted of "drunken driving". In this statement he was corroborated by the testimony of a witness who was present when the defendant paid the fine imposed by the justice of the peace. In rebuttal the State introduced the record of the justice who had died before the trial of this indictment. That record contained the notations that the charge against the defendant in June, 1941, was the operation of a motor vehicle upon a public highway while intoxicated and under the influence of intoxicating liquor; that the defendant on June 14th, 1941, plead guilty to that charge and was fined twenty five dollars and costs; and that his operator's license was revoked for six months and his automobile was impounded for a like period of time.

The trial court gave three instructions offered by the State and eleven of the twelve instructions offered by the defendant but refused to give Instruction No. 11 requested by the defendant. This instruction contained this language: "The Court instructs the jury that the record of H. A. Meador, Justice of the Peace, though it indicates the defendant plead guilty to driving while intoxicated is not a verity and may be impeached; you are instructed that you do not necessarily have to accept the record as true."

In his argument to the jury the assistant prosecuting attorney, referring to the record of the justice of the peace, said: "I will put his record up against the testimony of that man sitting on the witness stand. If any of you knew Squire Meador in his lifetime, he was a justice of the peace and I knew him a long time—you men who knew him knew that he conducted his office in a fair and impartial manner and his docket showed what happened. That question was asked to test the credibility of that witness, the defendant, but what he said is not true, as testified to by this record. As to his learner's permit, he was driving without a license. Under the law at that time they could only impound the car if he was driving drunk. He told you from that witness stand that his automobile was impounded. What was the offense he was charged

with? Was he telling you the truth on the witness stand? That is a matter as to his credibility." To the statement of the assistant prosecuting attorney that he knew the justice for a long time the attorney for the defendant objected and he excepted to the action of the trial court in overruling the objection.

The defendant assigns as error the action of the trial court (1) in admitting the evidence of the two stepdaughters that the defendant committed prior acts of sexual intercourse with them; (2) in refusing to give Instruction No. 11 requested by the defendant; and (3) in permitting the assistant prosecuting attorney in his argument to tell the jury that he knew the justice of the peace and that his record was correct.

The general rule, recognized and applied by this Court in numerous decisions, is that the State, in a criminal case, may not introduce evidence of a substantive offense committed by the defendant which is separate and distinct from the specific offense charged in the indictment. *State* v. *Gargiliana,* 138 W. Va. 376, 76 S. E. 2d 265; *State* v. *Lewis,* 133 W. Va. 584, 57 S. E. 2d 513; *State* v. *Craig,* 131 W. Va. 714, 51 S. E. 2d 283; *State* v. *Hudson,* 128 W. Va. 655, 37 S. E. 2d 553, 163 A. L. R. 1265; *State* v. *Light,* 127 W. Va. 169, 31 S. E. 2d 841; *State* v. *Coleman,* 96 W. Va. 544, 123 S. E. 580; *Watts* v. *The State,* 5 W. Va. 532. A well established exception to the general rule, however, is that evidence of another offense chargeable to the defendant is admissible in a criminal case to show motive or intent, if such other offense is similar and near in point of time to, has some logical connection with, and tends to establish the commission of, the specific offense charged against the defendant, and indicates that the specific offense is part of a system of criminal action. *State* v. *Hudson,* 128 W. Va. 655, 37 S. E. 2d 553, 163 A. L. R. 1265; *State* v. *Evans,* 136 W. Va. 1, 66 S. E. 2d 545; *State* v. *Lewis,* 133 W. Va. 584, 57 S. E. 2d 513; *State* v. *Leatherwood,* 112 W. Va. 339, 164 S. E. 295; *State* v. *Camp,* 110 W. Va. 444, 158 S. E. 664; *State* v. *Adkins,* 109 W. Va. 579, 155 S. E. 669; *State* v. *Rush,* 108

W. Va. 254, 150 S. E. 740; *State* v. *Johnson,* 105 W. Va. 598, 143 S. E. 352.

The testimony of the stepdaughters of other prior acts of sexual intercourse by the defendant with them was not admissible under either the general rule or the exception to the rule. The sexual acts of the defendant with each stepdaughter constituted offenses which were separate and distinct from the offense for which he was indicted and tried in this proceeding. Each act was identical in character. The act of sexual intercourse, committed with his then thirteen year old daughter, constituted the crime of incest and the crime of statutory rape, but, committed by the defendant with his stepdaughter, constituted the crime of rape if the stepdaughter, at the time, was under the statutory age of consent or if she was above that age and did not consent, or the crime of adultery if she consented and had then attained the age of consent. The character of the act, whether committed by the defendant with his daughter or his stepdaughter, was such that its mere performance, regardless of motive or any specific intent of the defendant at the time to commit a crime, constituted an offense.

The crime with which the defendant is charged is not dependent upon motive or intent to commit an offense for intent is inherent in the particular criminal act. In connection with its commission no motive or specific intent is in issue as a fact. In that respect it differs from an act which produces an abortion as to which the guilt or the innocence of the actor depends upon whether he performed the act with the intention of destroying the unborn child of a woman or whether he performed it in good faith with the intention of saving her life or the life of her unborn child. In a prosecution of a father for the crime of incest the blood relationship between the parties renders his act of sexual intercourse with his daughter incestuous and criminal. *State* v. *Wright,* 130 W. Va. 336, 43 S. E. 2d 295. Like the crime of an attempt to commit sodomy; considered by this Court in *State* v. *Gargiliana,* 138 W. Va. 376, 76 S. E. 2d 265, the crime of incest charged

in the indictment is not a part of any scheme, plan or system of criminal action and the separate and distinct substantive offenses about which the stepdaughters testified are not connected with it.

In the *Gargiliana* case in which similar criminal acts committed by a defendant with persons other than the prosecuting witness, both before and after the commission of the offense for which the defendant was indicted and tried were considered, this Court said: "The crime committed is not part of any scheme or plan, and the separate and distinct crimes proved have no connection with it. No scheme or plan was in issue before the jury. Neither was intent to commit the crime charged actually in issue, since intent is inherently a part of the crime charged. Nor was motive involved. Regardless of motive, the acts charged as committed by defendant would constitute an offense under the statute. It is true, of course, that violations proved were of the same type or nature; but similarity in type of distinct and separate violations constitutes no basis for admission of such evidence. To admit such evidence on that basis would amount to making the exception the general rule. Defendants could then be convicted of violations merely by evidence relating to separate and distinct crimes."

Upon the trial of an indictment for incest, evidence of the commission by the defendant of other separate and distinct offenses of the same type or nature, whether committed before or after the specific offense with which he is charged, is inadmissible under the general rule which excludes evidence of the commission of another separate and distinct substantive offense which is unrelated to the specific offense charged in the indictment.

If, however, the character of the prior acts of sexual intercourse by the defendant with his stepdaughters were such as to bring them within the exception to the foregoing general rule and the crime for which the defendant was indicted, tried and convicted could be considered as a part of a system of criminal action and his motive or intent to commit it were in issue, the evidence of his step-

daughters relative to his acts of sexual intercourse with them was not admissible under the exception to the general rule. The last act of that character about which each stepdaughter testified, according to her own statement, occurred more than three years before the commission of the specific offense charged in the indictment. One of the requisites of the foregoing exception to the general rule is that the commission of a separate and distinct offense, when offered to show motive or intent, must be near in point of time to the commission of the specific offense charged in the indictment. A trial court is vested with a sound discretion in determining whether a separate similar act is too remote or is sufficiently near in point of time to the specific act in issue to be admissible in evidence, and the exercise of such discretion in excluding or admitting such evidence will not be interfered with by an appellate court unless it amounts to an abuse of discretion. When, however, the ruling of the trial court with respect to such separate act constitutes an abuse of discretion such ruling will be reversed. See *State v. Lewis,* 133 W. Va. 584, 57 S. E. 2d 513; *Yuncke v. Welker,* 128 W. Va. 299, 36 S. E. 2d 410; *State v. Yates,* 21 W. Va. 761. The criminal acts to which the stepdaughters testified were too remote in point of time and the evidence relating to all of them was, for that reason and regardless of any other ground, inadmissible and should have been excluded by the trial court. The evidence was highly prejudicial to the defendant and its admission constituted reversible error.

The defendant complains of the refusal by the trial court to give his requested Instruction No. 11. As already indicated this instruction dealt solely with the record of the justice of the peace as evidence to establish the conviction of the defendant of the offense of driving an automobile on a public road or street while intoxicated or under the influence of intoxicating liquor instead of his conviction, according to the testimony of the defendant and a witness in his behalf, of the offense of operating an automobile upon a street or highway without a license.

The evidence on this point was introduced for the purpose of adversely affecting the credibility of the defendant as a witness in his own behalf. The instruction did not relate to any controlling fact or circumstance repecting the guilt or the innocence of the defendant of the crime charged in the indictment. Instead it dealt with, singled out and emphasized an isolated and subsidiary element in the case. For this reason it was properly refused. "An instruction calling the jury's attention to a particular, uncontrolling fact or circumstance, and thereby giving it undue prominence, is properly refused." *Darling* v. *Browning,* 120 W. Va. 666, 200 S. E. 737; *Smith* v. *Abbott,* 106 W. Va. 119, 145 S. E. 596; *Cain* v. *Kanawha Traction and Electric Company,* 85 W. Va. 434, 102 S. E. 119; *Parkersburg National Bank* v. *Hannaman,* 63 W. Va. 358, 60 S. E. 242; *Bice* v *Wheeling Electrical Company,* 62 W. Va. 685, 59 S. E. 626.

An instruction which singles out and calls to the attention of the jury an indecisive fact or circumstance to the exclusion of the other important facts and circumstances shown by the evidence, as does the challenged instruction, is erroneous and misleading in that it gives undue prominence to such indecisive point. *Bice* v. *Wheeling Electrical Company,* 62 W. Va. 685, 59 S. E. 626; *Smith* v. *Abbott,* 106 W. Va. 119, 145 S. E. 596; *Cain* v. *Kanawha Traction and Electric Company,* 85 W. Va. 434, 102 S. E. 119. For that additional reason the action of the trial court in refusing the instant instruction was proper. An instruction which tends to mislead and confuse the jury should not be given. *Wilson* v. *Edwards,* 138 W. Va. 613, 77 S. E. 2d 164; *State* v. *Blankenship,* 137 W. Va. 1, 69 S. E. 2d 398; *Gilkerson* v. *Baltimore and Ohio Railroad Company,* 129 W. Va. 649, 41 S. E. 2d 188; *Franklin* v. *Pence,* 128 W. Va. 353, 36 S. E. 2d 505; *Wilson* v. *City of Elkins,* 86 W. Va. 379, 103 S. E. 118; *Laraway* v. *Croft Lumber Company,* 75 W. Va. 510, 84 S. E. 333; *Mylius* v. *Raine-Andrew Lumber Company,* 69 W. Va. 346, 71 S. E. 404; *Walker* v. *Strosnider,* 67 W. Va. 39, 67 S. E. 1087, 21 Ann. Cas. 1; *Stewart* v. *Doak Bros.,* 58 W. Va. 172, 52 S. E. 95.

The statement of the assistant prosecuting attorney, in

his argument to the jury, that he knew the justice of the peace and that the record of the justice was correct, of which the defendant complains, was not within the scope of the evidence. For that reason the statement was improper and the objection of the defendant should have been sustained. The statement, however, referred to facts which were not of controlling or decisive importance concerning the guilt or the innocence of the defendant, and it did not prejudice any right of the defendant or result in manifest injustice to him. "The discretion of the trial court in ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom." Point 3, Syllabus, *State v. Boggs,* 103 W. Va. 641, 138 S. E. 321. See also *State v. Lewis,* 133 W. Va. 584, 57 S. E. 2d 513; *State v. Simon,* 132 W. Va. 322, 52 S. E. 2d 725; *State v. Reppert,* 132 W. Va. 675, 52 S. E. 2d 820; *State v. Allen,* 45 W. Va. 65, 30 S. E. 209. As the statement did not prejudice any right of the defendant or result in manifest injustice to him, the ruling of the trial court in connection with it will not be disturbed by this Court.

The judgments below are reversed, the verdict of the jury is set aside, and this case is remanded to the Intermediate Court of Kanawha County for a new trial which is awarded the defendant.

> *Judgments reversed;*
> *verdict set aside;*
> *new trial awarded.*

RILEY, JUDGE, concurring in part, dissenting in part, and concurring in result:

I concur in the result reached in the opinion of the Court in reversing the judgment of conviction, and concur in all of the points of the syllabus, and in that part of the opinion which sets forth the reasons which prompted the Court to reverse the judgment of the trial court. With deference, however, to the members of the Court who

concurred in the opinion of the Court, I respectfully dissent from that part of the opinion in which the Court held that the trial court did not err in overruling the objection of counsel for the defendant to the statement of the prosecuting attorney made before the jury during the course of the final argument to the effect that he knew that H. D. Meador, a Justice of the Peace of Jefferson District, Kanawha County, who died before the trial of this indictment, was a person of the highest integrity, and that the record of the deceased justice, bearing on the question whether defendant had been previously convicted of the offense of "drunken driving" upon a plea of guilty was correct. While the statement of the assistant prosecuting attorney concerning the justice and his record did not bear directly on any issue in the prosecution of the indictment, the question raised by the assistant prosecuting attorney's statement bears directly on defendant's credibility, and thus a comparison between the defendant's credibility, as a witness in his own behalf, and the integrity of the deceased justice, as a public official, was made in the argument before the jury.

In that this case embraces the charge that defendant unlawfully and feloniously had sexual intercourse with his daughter, who, at the time of the trial, was under fourteen years of age, the defendant was tried for a crime which, to use the language of this Court in *State* v. *Gill,* 101 W. Va. 242, 132 S. E. 490, and *State* v. *Graham,* 119 W. Va. 85, 91, 191 S. E. 884, is "so revolting that it is difficult for the average jury to give the one accused the benefit of a reasonable doubt." With evident earnestness the assistant prosecuting attorney argued: "I'll put his record [the record of the justice of the peace] up against the testimony of that man [the defendant] sitting in the witness stand. If any of you knew Squire Meador in his lifetime, he was a justice of the peace and I knew him a long time—you men who knew him knew that he conducted his office in a fair and impartial manner and his docket showed what happened." These remarks, in my opinion, were highly prejudicial to the defendant in that they bear

directly on defendant's credibility as a witness in this own behalf, and constitute an attack upon defendant as a witness, which in the circumstances could not be met by the defendant's counsel. I am well aware of the salutary rule stated in point 3 of the syllabus in the case of *State* v. *Boggs,* 103 W. Va. 641, 138 S. E. 321, and adopted in point 5 of the syllabus of this case that: "The discretion of the trial court in ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom." In no circumstances, however, should this rule be invoked and applied so as to prevent an accused from having a fair and impartial trial, and thus relieve the assistant prosecuting attorney of the duty which rests upon every prosecuting attorney and assistant prosecuting attorney in the trial of criminal cases to conduct criminal trials so as to prevent, as stated by this Court in the *Graham* case, "any suspicion of any effort to incite prejudice in the minds of the jury."

In deference to the members of this Court who have concurred in the majority opinion, I simply say that the opinion of the Court is a departure from the rule well established in the criminal practice and procedure of this State through the course of many years that a criminal case, especially one involving a crime so revolting that it is apt of itself to create a prejudice in the minds of the jury, and prevent the accused from having the benefit of a reasonable doubt, should be conducted with great care and decorum. See *State* v. *Gill, supra; State* v. *Vineyard,* 108 W. Va. 5, 150 S. E. 144; *State* v. *Hively,* 103 W. Va. 237, 136 S. E. 862; *State* v. *Taylor,* 105 W. Va. 298, pt. 5 syl., 142 S. E. 254; and *State* v. *Summerville,* 112 W. Va. 398, 164 S. E. 508.

In this regard the several cases cited in the majority opinion in support of the Court's position that the prosecuting attorney's remarks made in the final argument to the jury were not prejudicial are, in my opinion, not in

point. In *State* v. *Boggs, supra,* the defendant was charged with a crime which was simply *malum prohibitum,* that is, transporting intoxicating liquors in contravention of Section 31, Chapter 32A, Barnes', 1923, Code; in *State* v. *Simon,* 132 W. Va. 322, 52 S. E. 2d 725, the defendant, James Edward Simon, was convicted of tampering with ballots cast in a general election held in Raleigh County; in *State* v. *Reppert,* 132 W. Va. 675, 52 S. E. 2d 820, in which this Court reversed a judgment of conviction for voluntary manslaughter, the remarks of the prosecuting attorney were not abusive or vituperative in any sense, and did not, as in the instant case, bear on defendant's credibility as a witness in his own defense. In the *Reppert* case upon objection of counsel for the defendant, the court directed the jury not to consider the statement of the prosecuting attorney as evidence, and this Court held that the trial court did not abuse its discretion in refusing to exclude entirely the statement. In *State* v. *Allen,* 45 W. Va. 65, 30 S. E. 209, in which the defendant was charged with murder and found guilty of murder of the first degree and sentenced to be hanged, the judgment of conviction was reversed by this Court on other grounds, the remarks made by the prosecuting attorney in final argument to the jury which were objected to by counsel for the defense, having been provoked by and being in answer to remarks made by defendant's own counsel early in the final arguments to the jury; and in the more recent case of *State* v. *Lewis,* 133 W. Va. 584, 57 S. E. 2d 513, the alleged prejudicial remarks of the prosecuting attorney were likewise provoked.

In addition to the reasons set forth in the opinion of the Court in support of the Court's decision reversing the judgment of the trial court, I would reverse the judgment of the trial court for the additional reason stated in this note.