STATE OF WEST VIRGINIA *v.* M. P. GEENE

(No. 8982)

Submitted January 16, 1940. Decided February 6, 1940

*J. V. Brennan,* for plaintiff in error.

*Clarence W. Meadows,* Attorney General, and *Kenneth E. Hines,* Assistant Attorney General, for defendant in error.

MAXWELL, JUDGE:

This Court granted a writ of error to the judgment of the circuit court of Kanawha County affirming the defendant's conviction in the intermediate court of the same county. The indictment, grounded on Code, 61-10-11, is in five counts, and charges the defendant with setting up and promoting a lottery, permitting a lottery to be conducted on premises under his control, permitting money and other property to be raffled for on such premises, allowing the sale of tickets and chances in a lottery, and buying, selling, transferring and having in his possession for the purpose of sale and exchange, chances and tickets in a lottery.

Under a warrant, state policemen made a search of the Colonial Billiard Parlor, at 117 Summers Street, in the City of Charleston, August 30, 1936, and took into possession a large number of so-called "tip" tickets, and a certain record book, and arrested the defendant. The tickets mentioned are otherwise defined as "baseball tickets," which constitute chances to win money on baseball games. That such plan comes within the inhibition of the statute cited is not controverted in this case.

The points of error assigned are (a) failure of the court to sustain the demurrer to the indictment; (b) overruling the motion to quash the complaint on which the search warrant was based; (c) overruling the motion to quash the search warrant; (d) admitting in evidence the property taken into possession by the officers in executing the search warrant, it being charged that the execution of the warrant constituted an unreasonable search and seizure; (e) permitting a witness to testify respecting other conduct of the defendant at a date subsequent to the date of the alleged offense for which he was placed on trial.

The indictment is in form identical with the one involved in *State* v. *Matthews,* 117 W. Va. 97, 184 S. E. 665, except that in the indictment at bar the conjunctive is employed instead of the disjunctive as in the *Matthews* case. This difference eliminates much of the difficulty

which attended the indictment in the former case. On the basis of the decision in that case, the trial court committed no error in overruling the demurrer to the instant indictment.

The points pertaining to the search and seizure, and the admission of evidence resulting therefrom are the same herein as in the *McClung* and *McCoy* cases decided concurrently herewith. [*State v. McCoy, State v. McClung*, 122 W. Va. 54, 7 S. E. (2d) 89.] For the reasons set forth in the opinion in those two cases, we do not sustain these objections.

The ground of error bringing in question the evidence respecting certain subsequent conduct and statements of the defendant is thus backgrounded: C. A. Thompson, a state policeman, was called as a witness for the state, the prosecuting attorney preliminarily announcing to the court that the evidence of this witness was offered "solely for the purpose of showing method, system and intent on the part of the defendant." The witness was then asked respecting a conversation he had had with the defendant at 117 Summers Street about one month subsequent to the date of the execution of the search warrant as hereinabove set forth. Upon objection of counsel for the defendant the court ruled that the testimony of the witness would be admitted "only for the purpose of showing motive, system, intent and the methods involved in the sale of these tickets." The witness then testified: "I went there September 27th about 3:00 p. m. in civilian clothes for the purpose of buying tickets from him. I walked behind his table and he was selling to two or three fellows. I walked back and he was selling some to an old man. I laid my money down and he pulled it back and he said 'Slim, you don't want any of these.' I said 'It don't make any difference, I saw you selling them.' He said 'I will be tried in a few days and I will go to jail or get probation, one, so I will keep on selling them.' "

To the general rule excluding acts of a defendant, not charged in the indictment, there is an exception as well grounded as the rule itself. The exception is this: Evi-

dence may be admitted of other similar acts so intimately connected with the alleged crime under investigation as to indicate a general design or system, inclusive of the specific crime charged. Consult: *State* v. *Johnson,* 105 W. Va. 598, 143 S. E. 352; *State* v. *Rush,* 108 W. Va. 254, 150 S. E. 740; *State* v. *Adkins,* 109 W. Va. 579, 155 S. E. 669; *State* v. *Camp,* 110 W. Va. 444, 158 S. E. 664; *State* v. *Leatherwood,* 112 W. Va. 339, 164 S. E. 295. Such evidence may be in respect of subsequent acts as well as contemporaneous or prior ones. *State* v. *Adkins,* supra; 1 Wharton's Crim. Evidence (10th Ed.), sec. 39; Underhill's Crim. Evidence (4th Ed.), sec. 187. We are impressed that the evidence of the police officer, Thompson, pertaining to the defendant's later conduct, essentially the same as that for which he was indicted, and at the same place, is strongly indicative of a criminal plan or system. This is accentuated by the bold assertion made to the officer by the defendant as quoted above.

There being no prejudicial error in the record, we affirm the judgments of the circuit court and the intermediate court.

*Affirmed.*