STATE OF WEST VIRGINIA

*v.*

GENEVA MESSER

(No. 14296)

Decided May 5, 1981.

*Grubb & Spaulding & Bernard L. Spaulding* for plaintiff in error.

*Chauncey H. Browning,* Attorney General, *Thomas N. Trent,* Assistant Attorney General, for defendant in error.

PER CURIAM:

This is an appeal by Geneva Messer from a December 21, 1977 final order of the Circuit Court of Logan County, sentencing her to one to five years in the penitentiary and imposing a $15,000 fine upon a jury verdict finding her guilty of possession of marijuana with intent to deliver in violation of *W.Va. Code,* 60A-4-401.

Although there are a number of assignments relied on in this appeal, we reverse and award a new trial exclusively on the ground that the defendant was denied a right to a fair trial by the excessive and indiscriminate introduction of collateral crime evidence.

The indictment charged the defendant with unlawfully possessing marijuana with an intent to distribute on June 17, 1976. Most of the State's evidence, however, relates to marijuana offenses committed at other times. Four of the first six witnesses for the State testified concerning

purchases of marijuana at the Messer household prior to and subsequent to the indictment offense. As to the subsequent offenses, the testimony indicated that marijuana was purchased at the defendant's home in April 1977, some eight or nine months after the indictment offense. One witness even testified that he bought marijuana on several occasions after April 1977. The Chief Deputy of Logan County corroborated the testimony as to the April 1977 purchase, stating that he recorded the serial numbers on two five-dollar bills and on five one-dollar bills, and that this money was used to make the April 1977 purchase of marijuana at the defendant's house. Based on this purchase he testified that a search warrant was obtained and $665.00 was found, including the $15.00 just referred to, in the defendant's purse in her bedroom. An additional $829.00 was found in a box under her bed. There was also testimony concerning various types of marijuana smoking pipes found in the April 1977 search.

The State also called three chemists and five members of the Department of Public Safety who testified concerning marijuana that had been seized from the defendant's home both prior and subsequent to the indictment offense. These offenses occurred in January 1976, January 1977, and April 1977. The first chemist testified as to receiving and analyzing 4-3/4 pounds of marijuana contained in 49 plastic baggies seized from the defendant's home or nearby vehicles in January of 1976, five months prior to the indictment offense. The second chemist testified as to the marijuana seized in June 1976. The third chemist testified as to his analysis of 16-1/2 pounds of marijuana which had been seized from the defendant's property in January 31, 1977. Two state troopers testified in regard to search warrants that were obtained for the January 1976 and January 1977 searches.

All told, nine of the State's fourteen witnesses testified about marijuana offenses separate and distinct from the specific offense charged in the indictment. Defense counsel made a timely objection and was given a continuing objection to the introduction of all collateral crime evidence not related to the indictment offense. The trial

court in responding to these objections indicated that the prosecutor was proceeding at his own peril.

In the instant case, we conclude the prosecution was permitted to do the very thing we condemned in *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974); that is, the State engaged in "shotgunning" or the excessive employment of other crime evidence to convict the defendant. *See also, State v. Spicer*, 162 W.Va. 127, 245 S.E.2d 922 (1978); *State v. Ramey*, 158 W.Va. 541, 212 S.E.2d. 737 (1975). While the trial court has discretion as to the scope and extent to which the State may introduce evidence of other crimes and offenses, *see*, e.g., Syl. pt. 14, *State v. Thomas*, we think the trial court in this case abused its discretion and permitted excessive testimony as to other criminal offenses. As we observed in Syl. pt. 16 of *State v. Thomas*:

> "In the exercise of discretion to admit or exclude evidence of collateral crimes and charges, the overriding considerations for the trial court are to scrupulously protect the accused in his right to a fair trial while adequately preserving the right of the State to prove evidence which is relevant and legally connected with the charge for which the accused is being tried."

Considering the totality of the circumstances, we conclude that the collateral crime evidence was sufficiently prejudicial to constitute reversible error.

In light of our discussion in *State v. Nicholson*, 162 W.Va. 750, 252 S.E.2d 894 (1979), and *State v. Thomas, supra,* and our decision in this appeal, we do not believe that a detailed discussion of the admissibility of the other crime evidence is necessary. We do, however, note the other crime evidence in this case involved offenses occurring several months before and subsequent to the indictment. While there is no dispute that in a proper case evidence of prior and subsequent crimes and offenses can be admitted, *see also,* Syl. pt. 2, *State v. Evans*, 136 W.Va. 1, 66 S.E.2d 545 (1951); Syl., *State v. Geene*, 122 W.Va. 51, 7 S.E.2d 90 (1940); Syl., *State v. Adkins*, 109 W.Va. 579, 155 S.E. 669 (1930); Syl. pt. 2, *State v. Baker*, 84 W.Va. 151, 99 S.E. 252 (1919), it is important to emphasize, and the parties are in agreement

on this point, that time is a significant and important factor in determining whether other crime evidence is admissible. We held in Syl. pt. 4, *State v. Lewis*, 133 W.Va. 584, 57 S.E.2d 513 (1940) and in Syl pt. 3, *State v. Hudson*, 128 W.Va. 655, 37 S.E.2d 553 (1946) as follows:

> "In a criminal case proof of another offense chargeable to the defendant is admissible to show motive or intent, if such other offense is similar and near in point of time to, has some logical connection with, and tends to establish the commission of, the specific offense charged against the defendant, and indicates that such specific offense is part of a system of criminal action."

*See also*, Syl. pt. 3, *State v. Gargiliana*, 138 W.Va. 376, 76 S.E.2d 265 (1953); Syl. pt. 2, *State v. Baker, supra.*

We also note that in *State v. Nicholson*, 162 W.Va. 750, 252 S.E.2d 894, 898 (1979), we authorized trial courts to require advance disclosure by the State of evidence of collateral crimes in order that the court can make a determination as to the probative value of such evidence and evaluate the danger of undue prejudice to the accused. *See, State v. Haverty*, 165 W.Va. 164, 267 S.E.2d 727, 734 (1980).

The appellant makes one other assignment of error which warrants discussion in light of our remand for a new trial. She contends that the search warrant issued on June 17, 1976, by a Logan County Justice of the Peace is fatally defective because it does not indicate that the judicial officer made an independent determination that the individuals who gave the testimony on which the warrant was based were reliable. The warrant was issued on the sworn testimony of State Trooper D. K. Hylton. The warrant states the grounds for the probable cause finding as follows:

> "That notorised (sic) statements were obtained from several juveniles whose statements verified that on the 15th day of June, 1976, and on dates prior to above date did purchase a controlled substance commonly known as marijuana from said Geneva Messer, other evidence for such search warrant are from other warrants obtained from

members of the Department of Public Safety to where on one occasion on Jan. 1976 resulting in finding of approximately 7 lbs. of marijuana and other controlled substance at the same residence of said Geneva Messer."

We conclude that the affidavit was sufficient on its face to give probable cause of the issuance of the search warrant. This is not a typical case involving one unnamed informant, *see, e.g., State v. Dudick,* 158 W.Va. 629, 213 S.E.2d 458 (1975). Here, the affiant stated he had sworn statements from several juveniles indicating that marijuana had been purchased on the day the search warrant was obtained, as well as on prior occasions, from the defendant at the premises named. Further, the affidavit recites those underlying circumstances from which the individual juveniles drew their conclusions that a crime of possession of marijuana with intent to distribute was being committed on the defendant's premises. This evidence combined with the fact that a prior search warrant for the same premises led to the seizure of approximately seven pounds of marijuana provided probable cause for the issuance of the warrant. Accordingly, we find no merit to the defendant's challenge to the validity of the search warrant.

For the foregoing reasons the judgment of the trial court is reversed and the case is remanded for a new trial.

*Reversed; new
trial awarded.*