295 S.E.2d 909

**STATE of West Virginia**

v.

**Leo RUDDLE.**

**No. 15301.**

Supreme Court of Appeals of
West Virginia.

Sept. 20, 1982.

**670**

S. Clark Woodroe, Asst. Atty. Gen., Charleston, for appellee.

John G. Ours, Petersburg, for appellant.

PER CURIAM:

This is an appeal by Leo Ruddle from an order of the Circuit Court of Pendleton County sentencing him to from one to five years in the state penitentiary for delivery of marijuana. The appellant's principal assertions are that the trial court erred in admitting evidence of collateral crimes and that the trial court erred in refusing to instruct the jury that they could find the appellant guilty of possession of marijuana which he contends is a lesser included offense under an indictment for delivery of marijuana. After examining the record we conclude that the trial court erred in admitting evidence of collateral crimes, and we reverse the appellant's conviction.

While investigating a grand larceny State Police officers learned that their suspect, Virgil Wayne Simmons, possessed a quantity of marijuana. Under interrogation Simmons indicated that he had purchased the marijuana from the appellant on August 1, 1980. Subsequently the police arrested the appellant and seized a can in his possession. The can contained fragments of marijuana.

The principal witness for the State during the appellant's trial was Virgil Wayne Simmons. Simmons testified that he had purchased one ounce of marijuana from the appellant on August 1, 1980. He also testified that he had purchased similar amounts of marijuana from the appellant on a monthly basis for the twelve-month period prior to appellant's arrest. Defense counsel objected to the testimony regarding transactions other than the one conducted on August 1, 1980, and upon which he was indicted. He took the position that the testimony of collateral crimes was unrelated to the one charged and that it was thus inadmissible. The trial court overruled the objection.

After all evidence had been presented in the case, the appellant offered an instruction which would have allowed the jury to find him guilty of possession of marijuana. The trial court refused to give that instruction.

■ With regard to evidence of other crimes, our traditional rule is stated in Syllabus Point 11 of *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974):

"Subject to exceptions, it is a well-established common-law rule that in a criminal prosecution, proof which shows or tends to show that the accused is guilty of the commission of other crimes and offenses at other times, even though they are of the same nature as the one charged, is incompetent and inadmissible for the purpose of showing the commission of the particular crime charged, unless such other offenses are an element of or are legally connected with the offense for which the accused is on trial."

We also recognized in Syllabus Point 12 of *State v. Thomas, supra,* certain exceptions permitting the introduction of evidence of collateral crimes where the evidence would tend to establish motive, intent, the absence of mistake or accident, a common scheme or plan embracing the commission of two or more crimes so related to each other that proof of one tends to establish the others, and the identity of the person charged with the commission of the crime on trial.

In *State v. Harris*, 166 W.Va. 72, 272 S.E.2d 471, 474 (1980), we explained the reason behind the rule prohibiting the introduction of evidence of collateral crimes and held it was reversible error to admit evidence of a drug transaction occurring approximately five months before the offense charged:

"The rationale for the rule announced in *Thomas* is that when one is placed on trial for the commission of a particular offense, he is to be convicted, if at all, on evidence of the specific charge against him. The purpose of the rule excluding evidence in a criminal prosecution of collateral offenses is to prevent a conviction for one crime by the use of evidence tending to show that the accused engaged in other legally unconnected criminal acts, and to prevent the inference that because the accused engaged or may have engaged in other crimes previously, he was more liable to commit the crime for which he is being tried."

The same result has occurred in several other cases involving drug charges where evidence of collateral drug sales or possessions were admitted into evidence. *State v. Rector*, 167 W.Va. 748, 280 S.E.2d 597 (1981); *State v. Messer*, 166 W.Va. 806, 277 S.E.2d 634 (1981). In *Messer*, we noted that the evidence included sales which had occurred several months prior to the crime charged. We failed to perceive how such evidence had any legitimate bearing on the crime charged.

In the case before us, evidence of sales which occurred months before the delivery charged was introduced. We do not believe that the evidence of those prior sales was necessary or relevant to show any of the exceptions allowing admission of evidence of collateral crimes, and we conclude that it gave rise to the inference that because the appellant had previously engaged in sales of marijuana he was likely to have committed the crime charged. As stated in *State v. Harris, supra,* it was to prevent such an inference that the rule contained in Syllabus Point 11 of *State v. Thomas, supra,* was announced. We hold that the evidence of the prior sales was not properly admissible and that because it was admitted the appellant's conviction must be reversed, and he must be granted a new trial.

The second principal point asserted by the appellant is that the trial court erred in failing to instruct the jury that a verdict of possession of marijuana was possible under his indictment for delivery of a controlled substance. However, this issue is answered by our recent case of *State v. Neider*, 170 W.Va. 662, 295 S.E.2d 902 (1982), where we made a more detailed analysis of our lesser included offense test and stated in Syllabus Point 2:

"Where there is no evidentiary dispute or insufficiency on the elements of the greater offense which are different from the elements of the lesser included offense, then the defendant is not entitled to a lesser included offense instruction."

In the present case, the appellant did not attempt to controvert by presenting evidence that there was no sale or delivery of marijuana. His sole defense to the charge was the defense of alibi: that he was not present or involved in the transaction. This defense would entitle him to a verdict of acquittal had the jury believed his alibi evidence. However, the evidence forms no basis under *Neider* for a lesser included offense instruction since there was no factual conflict on the issue of delivery. In view of this factual failure, we need not address the legal question of whether possession of marijuana is a lesser included offense of delivery.

The appellant claims two additional errors, one relating to the improper remarks of the prosecutor on closing argument and the second based on newly discovered evidence. Because we are reversing the appellant's conviction on the collateral offenses point, we do not consider it necessary to discuss these points. We do note that the prosecutor's remarks tested the bounds of propriety as they paralleled the type of remarks condemned in *State v. Critzer*, 167 W.Va. 655, 280 S.E.2d 288 (1981).

For the reasons stated, the judgment of the Circuit Court of Pendleton County is

reversed, and the appellant is awarded a new trial.

Reversed and Remanded.