■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALBERT BROWN, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Balbach, J.),

rendered March 21, 1981, convicting him of robbery in the first degree, criminal possession of stolen property in the second degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law, and new trial ordered. The findings of fact have been considered and determined to have been established.

The trial court was in error in denying defendant's challenge for cause of a prospective juror who stated, during voir dire, that "if the police arrest [defendant] he has done something" and reiterated that belief twice during subsequent questioning (CPL 270.20). When a prospective juror's responses indicate a "state of mind" that could be "likely to preclude him from rendering an impartial verdict based upon the evidence adduced at the trial" (CPL 270.20 [1] [b]), the juror must be excluded unless answers to follow-up questions insure that such a state of mind will not affect his impartiality (*People v Blyden,* 55 NY2d 73; *People v Culhane,* 33 NY2d 90). The juror must express in explicit and unequivocal terms (1) that such opinion will not influence him in the trial, and (2) that he can render an impartial verdict (*People v Culhane, supra,* at pp 106-107). The prospective juror's statements, taken in context, must ensure not only that the juror recognizes that he "should" put his beliefs aside, but that he in fact believes that he can be impartial and will put his opinion aside (*People v Blyden, supra,* at p 78).

The strongest attempt to dispel the doubts as to the qualifications of the prospective juror at bar was made when she was asked: "But do you feel the fact that somebody had been arrested would make it difficult for you to [presume that he is not guilty]?" and she responded, "I don't think so". The juror's equivocal response was insufficient to allay concerns about her ability to be objective. She was never asked whether she could render an impartial verdict. The voir dire continued as follows:

"[DEFENSE COUNSEL]: What significance would you attach to the fact that he has been arrested?

"PROSPECTIVE JUROR TWO: Well, there must be a reason and a person isn't guilty unless he is proven guilty.

"[DEFENSE COUNSEL]: Without suggesting that there is a possibility that somebody was snatched, and you have no reason at all, do you think that basically the fact that somebody is arrested is an indication that they are guilty of something?

"PROSPECTIVE JUROR TWO: Yes".

No further inquiry was made of the prospective juror, and the responses undermined any value her previous answers may have had (*People v Culhane, supra,* at p 109; *People v Casey,* 96 NY 115, 123).

The court's denial of defendant's challenge for cause of this juror forced defendant to use a peremptory challenge to exclude her. Defense counsel thereafter exhausted his peremptory challenges and stated later, during voir dire, that if he had had "a peremptory challenge left I would use it at this time". The People have conceded that counsel's statement effectively preserved the issue for review as a matter of law. Accordingly, the judgment must be reversed and a new trial ordered.[*]

We also find it necessary to comment with respect to improper conduct of the prosecutor during trial so that it will not hereafter be repeated. At one point during his summation, after characterizing defense counsel's arguments as a cloud of black ink used to confuse the issues, the prosecutor stated, "I am going to lead you through that cloud of confusion to the truth". The implication that the defense arguments were intended to confuse while those of the People were on the side of truth, was wholly improper (see, People v Butler, 67 AD2d 950). Moreover, later during his summation, the prosecutor stated that, "[b]y your verdict you should speak the truth. It is not a search for reasonable doubt". Such a comment implied that the jury should convict even if not convinced beyond a reasonable doubt, so long as it believed its verdict represented the "truth". Further, with respect to the knife found on defendant's person, which was not used in the robbery, the prosecutor's sarcastic rhetorical question as to whether defendant used it to clean his fingernails was uncalled for. Finally, the prosecutor's comment that defendant's being under oath did not mean that he was telling the truth was a thinly veiled accusation that defendant was lying under oath, and was improper (People v Dowdell, 88 AD2d 239, 247; People v Burnside, 52 AD2d 626). Gibbons, J. P., Weinstein, Brown and Niehoff, JJ., concur.

---

[*] We find no error in the court's ruling as to another juror, who did assure the court that she could presume defendant to be innocent.