345 S.E.2d 310

**STATE of West Virginia,
Plaintiff, Appellee,**

v.

**Kenneth HATALA, Defendant
Below, Appellant.**

**No. 16739.**

Supreme Court of Appeals of
West Virginia.

March 5, 1986.

Frank W. Helvey, Jr., Public Legal Services Council, Charleston, for appellant.

Mary Rich Maloy, Asst. Atty. Gen., Charleston, for appellee.

**436**

BROTHERTON, Justice:

This is an appeal from the Circuit Court of Monongalia County. The defendant, Kenneth Hatala, urges us to reverse his conviction for aiding and abetting grand larceny, citing improper remarks by the prosecutor and ineffective assistance of counsel. We find no error and affirm.

On December 15, 1983, a bystander in the Hills Department Store parking lot in Morgantown, West Virginia, was watching people leaving the store. She noticed a man, later identified as Mr. Hatala, and a woman approach a parked car. Both were wearing coats. When they reached the car they removed their coats, placed them in the car and went back into the Hills Department Store. The two returned later, again wearing coats, and again removed them and placed them in the car and returned to Hills. This was repeated a total of four times. The bystander notified Hills security officers.

When the security officer approached the parked car, Mr. Hatala was not there, but two girls were sitting inside the car. One of the girls readily handed over two coats from the floor of the car. Both coats were identified as belonging to Hills. The bystander then observed Mr. Hatala going into a nearby Pizza Inn. She recognized him as the man who had taken the four coats to the parked car and pointed him out to the security officers. Mr. Hatala was arrested and the automobile was searched. The coats and several other items taken from Hills were recovered.

At a trial before a jury in the Circuit Court of Monongalia County, on July 18–19, 1984, Kenneth Hatala was found guilty of grand larceny as a principal in the second degree, that is, aiding and abetting another to commit grand larceny.

## I.

The appellant's first contention is that the prosecutor made an improper remark in

her closing statement by saying that the defense counsel would "give you all kinds of smoke screens."[1] No objection was made to this statement at trial.[2] We are thus asked to take notice of the error, if there is one, under the plain error doctrine, as set out in W.Va.R.Crim.P. 52(b). We decline to do so.

The plain error doctrine of Rule 52(b) tempers the blow of a rigid application of the contemporaneous objection requirement. In Syl. pt. 4 of *State v. Starr*, 158 W.Va. 905, 216 S.E.2d 242 (1975), we stated: "Although it is a well-settled policy that the Supreme Court of Appeals normally will not rule upon unassigned or imperfectly assigned errors, this Court will take cognizance of plain error involving a fundamental right of an accused which is protected by the Constitution." Nevertheless, this Court will use the plain error rule to correct only particularly egregious errors. The rule is to be used sparingly and only in those circumstances in which a miscarriage of justice would otherwise result. *United States v. Young*, 470 U.S. 1, 105 S.Ct. 1038, 1046–47, 84 L.Ed.2d 1, 12 (1985). The prosecutor's statement in this situation is certainly not so heinous as to cause this Court to invoke the plain error doctrine.

## II.

The appellant also claims that his case should be reversed for ineffective assistance of counsel. Here the appellant relies heavily on the fact that at trial his attorney failed to object to hearsay testimony by Hills' manager as to the value of the goods stolen. At first glance this argument appears to have some merit. However, a closer look at the record shows that the declarant of the hearsay statements was present in the courtroom, ready to be a witness if needed. An objection by the defense counsel would only have caused the prosecution to call one extra witness. The defense counsel is not required to make every objection if it is reasonably

---

**1.** Mr. Hatala also cites several other instances of allegedly improper statements which we have reviewed and find to be harmless.

**2.** Instead, defense counsel chose to focus on the remark in closing, beginning his argument to

the jury with "Ladies and gentlemen, I don't give you any smoke screens."

clear that the objection would not affect the final outcome of the trial. Here, defense counsel allowed hearsay evidence to come in without objection in order to avoid testimony by another state's witness. "Where a counsel's performance, attacked as ineffective, arises from occurrences involving strategy, tactics and arguable courses of action, his conduct will be deemed effectively assistive of his client's interests, unless no reasonably qualified defense attorney would have so acted in the defense of an accused." Syl. pt. 21, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974).

Mr. Hatala had a fair trial without prejudicial error. We, therefore, affirm his conviction.

Affirmed.

McGRAW, Justice, dissenting:

Representation by the majority in this proceeding notwithstanding, the appellant's objections to the prosecutor's closing statement extend beyond the isolated remark that defense counsel would "give you [the jury] all kinds of smoke screens." In reality, the appellant objects to a number of statements by the prosecutor that sought to avoid its burden of proof and attacked his presumption of innocence, the very heart of the right to a fair trial. The prosecutor stated on closing argument:

I just want to talk to you a minute about reasonable doubt. *Reasonable doubt is not some magic potion.... It boils down to: Do you believe that this young man is guilty or not? Reasonable doubt isn't a loophole that you hang your hat on to avoid your duty not to avoid a conviction if you believe this man is guilty by saying: Oh, I have a reasonable doubt.... Typically what defense counsel will do is make you think there is a reasonable doubt because that is defense counsel's big time chance if you can find a reasonable doubt. He will give you all kinds of smoke screens that might make you*

*think you have a reasonable doubt.* [Emphasis added].

This line of argument by the prosecution in this case was unquestionably improper. It erroneously informed the jury that it could convict the appellant even if it was not convinced of his guilt beyond a reasonable doubt as long as it "believe[d] this man is guilty." Moreover, it implied that the jury should ignore whatever reasonable doubt it might "think" it had, since such doubt would most likely be the product of defense counsel's efforts at obfuscation.

In *People v. Brown*, 111 A.D.2d 248, 250, 489 N.Y.S.2d 92, 94 (1985), the court stated:

We also find it necessary to comment with respect to improper conduct of the prosecutor during trial so that it will not hereafter be repeated. At one point during his summation, after characterizing defense counsel's arguments as a cloud of black ink * used to confuse the issues, the prosecutor stated, "I am going to lead you through that cloud of confusion to the truth". The implication that the defense arguments were intended to confuse while those of the People were on the side of truth, were wholly improper.... Moreover, later during his summation, the prosecutor stated that, "[b]y your verdict you should speak the truth. It is not a search for reasonable doubt." Such a comment implied that the jury should convict even if not convinced beyond a reasonable doubt, so long as it believed its verdict represented the "truth".

Although the court reversed on other grounds, 111 A.D.2d at 250, 489 N.Y.S.2d at 94, it clearly implied that repetition of this argument by the prosecutor upon retrial would constitute reversible error.

In my view, the prosecutor's improper argument in this proceeding denied the appellant his fundamental right to a fair trial and constituted plain error. Although some prosecutorial latitude with respect to closing argument is undoubtedly essential, a prosecutor does not have carte blanche to

---

* It is apparent, recalling the "loophole that you hang your hat on" statement made in the instant case, that mixed metaphor is a frequently utilized rhetorical tool of prosecutors prone to improper argument.

shift the burden of proof to the defendant and undermine the presumption of innocence. Accordingly I must dissent.