387 S.E.2d 104

**STATE of West Virginia**

v.

**Robert Emmitt NICHOLAS.**

No. 18282.

Supreme Court of Appeals of
West Virginia.

Nov. 3, 1989.

Jerald E. Jones, Jones, Williams, West & Jones, Clarksburg, Sam R. Harshbarger, Milton, for Robert Emmitt Nicholas.

Marianne Stonestreet, Deputy Atty. Gen., Charleston, for State.

PER CURIAM:

This appeal involves a conviction for first offense delivery of 5.4 grams of marijuana in violation of W.Va.Code, 60A–4–401(a) (1983),[1] and involves several issues to which we spoke recently in *State v. Nicastro,* 181 W.Va. 556, 383 S.E.2d 521 (1989). The defendant contends that the indictment is fatally defective and that the trial court erred in failing to instruct the jury on lesser included offenses and on the essential elements of intent. We find no error justifying reversal of the conviction, but we remand for reconsideration of sentence.

As in *Nicastro,* the defendant here was a student at West Virginia Wesleyan College. He was arrested as the result of an undercover drug investigation conducted during the months of May and June, 1985, in Upshur County.

The State asserted at trial that the defendant sold the drugs at an open party at an apartment house near the college campus to a Mr. Bowles who, along with a Mr. Spittler, was assisting an undercover agent named McCauley. Messrs. Bowles, McCauley, and Spittler testified that on June 1, 1985, they stopped by the party around 9:00 p.m. and saw the defendant on the street outside. They testified that they asked the defendant if he could get some marijuana and were told to come back in about an hour. The three men testified that they returned to the premises at around 10:00 p.m. and met the defendant on the porch. The defendant handed over a bag of marijuana and was paid $35. Messrs. Bowles, McCauley, and Spittler left shortly thereafter.

---

1. W.Va.Code, 60A–4–401(a), provides, in pertinent part:

    "Except as authorized by this chapter, it is unlawful for any person to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance.

    "Any person who violates this subsection with respect to:

        \*    \*    \*    \*    \*    \*

    "(ii) Any [non-narcotic] controlled substance classified in Schedule I, II or III, is guilty of a felony, and, upon conviction, may be imprisoned in the penitentiary for not less than one year nor more than five years, or fined not more than fifteen thousand dollars, or both[.]"

    Marijuana is classified as a Schedule I non-narcotic substance. *See* W.Va.Code, 60A–1–101(p); 60A–2–204(d)(13).

The defendant's testimony differed considerably. He testified that Mr. Bowles approached him at the party in the backyard of the apartment house and asked him if he could get some "pot." The defendant stated that he initially said no, but that Mr. Bowles approached him again later. This time, the defendant asserted, he told Mr. Bowles that he might know someone who had some marijuana to sell. The defendant testified that he subsequently told a fellow student and partygoer that Mr. Bowles was looking to obtain some marijuana. The defendant denied possessing marijuana or selling drugs to Mr. Bowles and did not recall Messrs. McCauley or Spittler being present at the party.

## I.

The defendant's first contention is that the indictment was fatally defective because it failed to specify whether the delivery was with or without remuneration. The defendant relies on Syllabus Point 2 of *State v. Carper*, 176 W.Va. 309, 342 S.E.2d 277 (1986), where we held that W.Va.Code, 60A–4–402(c),[2] requires probation for first offense delivery of less than fifteen grams of marijuana without remuneration.[3]

■ We addressed this issue in *Nicastro*, where we pointed out that under the foregoing Code section, the question of remuneration was relevant only to the issue of sentencing and did not relate to the elements of the substantive offense set out in W.Va.Code, 60A–4–401(a). In *Nicastro*, we concluded with this statement in Syllabus Point 3:

"An indictment alleging a violation of *W.Va.Code*, 60A–4–401(a), as amended, is sufficient to sustain a conviction for delivery of marihuana, even though the indictment omits stating whether the alleged offense was committed with or without remuneration."

Consequently, we find no error in the fact that the indictment here did not specify whether the offense charged was committed with or without remuneration.

## II.

■ The defendant also contends that the trial court erred in not giving the jury a verdict form as to the lesser included offense of delivery without remuneration. The State points out that at trial defense counsel requested a verdict form as to the lesser offense of possession of marijuana, but did not raise the question with respect to the remuneration issue. In *Nicastro*, we declined to address this issue on the ground that it had not been preserved at trial. As we stated in Syllabus Point 4 of *Nicastro*:

" 'As a general rule, proceedings of trial courts are presumed to be regular, unless the contrary affirmatively appears upon the record, and errors assigned for the first time in an appellate court will not be regarded in any matter of which the trial court had jurisdiction or which might have been remedied in the trial court if objected to there.' Syl. pt. 17, *State v. Thomas*, 157 W.Va. 640, 203 S.E.2d 445 (1974)."

The same principle is applicable in this case.

Furthermore, even if the issue had been properly raised at trial, the evidence adduced below failed to disclose any facts on which the theory of delivery without remuneration could have been presented to the jury. The State's evidence demonstrated a delivery for remuneration. The defendant, the only witness to testify as to the facts for the defense, asserted that no delivery had occurred.

In rejecting the defendant's request for a verdict form on the lesser included offense of possession of marijuana, the trial court relied on *State v. Ruddle*, 170 W.Va. 669,

---

**2.** W.Va.Code, 60A–4–402(c), provides: "Notwithstanding any other provision of this chapter to the contrary, any first offense for distributing less than 15 grams of marihuana without any remuneration shall be disposed of under section 407 [§ 60A–4–407]."

**3.** Syllabus Point 2 of *Carper* states: "W.Va.Code, 60A–4–402(c), mandates that a defendant guilty of a first offense for distributing less than fifteen grams of marihuana without any remuneration is entitled to mandatory probation under W.Va.Code, 60A–4–407."

295 S.E.2d 909 (1982). In *Ruddle,* which involved a similar issue, we relied on Syllabus Point 2 of *State v. Neider,* 170 W.Va. 662, 295 S.E.2d 902 (1982), wherein we held:

> "Where there is no evidentiary dispute or insufficiency on the elements of the greater offense which are different from the elements of the lesser included offense, then the defendant is not entitled to a lesser included offense instruction."

*See also State v. Thompson,* 176 W.Va. 300, 342 S.E.2d 268 (1986). This principle is equally applicable where the defendant seeks a lesser included offense instruction for delivery without remuneration.

The trial court here correctly observed that the defendant's theory that he neither possessed nor delivered marijuana is like an alibi defense in that if the jury believes it, the defendant will be acquitted. As we pointed out in *Neider,* because such a claim "does not factually contest the elements of the greater offense and particularly those elements that differ from the lesser included offense, there is no basis for a lesser included offense instruction." 170 W.Va. at 666, 295 S.E.2d at 906. In view of this law, we find no error in the trial court's failure to offer the jury a verdict form for the offense of delivery of a controlled substance without remuneration.

### III.

The defendant also asserts that the trial court erred in failing to instruct the jury on the issue of intent. In Syllabus Point 3 of *State v. Dunn,* 162 W.Va. 63, 246 S.E.2d 245 (1978), we stated:

> "Only an 'intentional' or 'knowing' delivery of a controlled substance is prohibited by statute, although the statute fails to expressly require criminal intent."

*See also State v. Barnett,* 168 W.Va. 361, 284 S.E.2d 622 (1981). Our law with re-gard to intent is in accord with other jurisdictions which have held such an element to be implicit in their controlled substances statutes. As the Colorado Supreme Court, *en banc,* stated in *People v. Moore,* 674 P.2d 354, 358 (Colo.1984):

> "We have held that because a crime ordinarily requires the conjunction of an act and a culpable mental state, legislative silence on the element of intent in a criminal statute is not to be construed as an indication that no culpable mental state is required.... We conclude that the mental state 'knowingly' is implied by the counterfeit controlled substances statute and is required for a conviction of sale or distribution of counterfeit controlled substances or the possession of such substances with the intent to sell or distribute them." (Citations omitted).[4]

In *Nicastro,* we recognized that " '[a]n instruction that defines a crime but omits an essential element of the crime may constitute reversible error.' " 181 W.Va. at 561, 383 S.E.2d at 526, *quoting State v. Barker,* 176 W.Va. 553, 558, 346 S.E.2d 344, 349 (1986). In Syllabus Point 5 of *Nicastro,* we further stated:

> " 'In a criminal trial for violation of Code, 60A–4–401(a), the jury must be instructed about each element of the crime including intent.' Syl. pt. 2, *State v. Barnett,* 168 W.Va. 361, 284 S.E.2d 622 (1981)."

*See also State v. Dunn, supra.* We found, however, that "the critical element of intent was included twice" in the challenged instructions in *Nicastro* and concluded that the jury was, therefore, adequately advised as to the essential element of intent. 181 W.Va. at 561–562, 383 S.E.2d at 526–27.

Here, as in *Dunn* and *Barnett,* the instruction complained of makes no mention of the required intent.[5] The State asserts,

---

**4.** In *State v. Great Atlantic & Pacific Tea Co. of America,* 111 W.Va. 148, 161 S.E. 5 (1931), we indicated that a legislative intention to abolish the element of criminal intent in a statutory crime must be clearly expressed.

**5.** State's Instruction No. 1 reads:
"The Court instructs the jury that it is unlawful for any person to deliver a controlled substance, and that any person who delivers a non-narcotic controlled substance classified in Schedules I, II or III, including marihuana, shall be guilty of a felony, and the Court further instructs the jury that if you believe from all of the evidence in this case beyond a reasonable doubt that the Defendant, Robert Emmitt Nicholas, did, on the first day of

however, that no reversible error results because no objection was made to the instruction at trial, and any error therein does not therefore rise to the level of "plain error."

Recently, in Syllabus Point 4 of *State v. England,* 180 W.Va. 342, 376 S.E.2d 548 (1988), we combined the plain error test under Rule 30 of the West Virginia Rules of Criminal Procedure [6] and set out in Syllabus Point 2 of *State v. Hutchinson,* 176 W.Va. 172, 342 S.E.2d 138 (1986),[7] with the more general plain error test contained in W.Va.R.Crim.P. 52(b) [8] and articulated in Syllabus Point 2 of *State v. Hatala,* 176 W.Va. 435, 345 S.E.2d 310 (1986),[9] to yield this result:

"The plain error doctrine contained in Rule 30 and Rule 52(b) of the West Virginia Rules of Criminal Procedure is identical. It enables this Court to take notice of error, including instructional error occurring during the proceedings, even though such error was not brought to the attention of the trial court. However, the doctrine is to be used sparingly and only in those circumstances where substantial rights are affected, or the truth-finding process is substantially impaired, or a miscarriage of justice would otherwise result."

■ Here, we cannot say that the failure to instruct on the element of intent rises to

this level of error.[10] As we have already noted, the defendant relied entirely on the defense that he neither possessed nor delivered the drugs. Once the jury chose, as it obviously did in this case, to disbelieve the defendant's blanket denial, there was no evidence to suggest that the delivery was unintentional or unknowing. Indeed, the State's evidence clearly demonstrated only a knowing and intentional delivery of marijuana. In essence, the issue of intent was never in dispute. Thus, the failure to instruct on the element of intent in this case could have had no impact on the truth-finding process or on the substantial rights of the defendant. *United States v. Markowski,* 772 F.2d 358 (7th Cir.1985), *cert. denied,* 475 U.S. 1018, 106 S.Ct. 1202, 89 L.Ed.2d 316 (1986); *State v. Riggins,* 34 Wash.App. 463, 662 P.2d 395 (1983). *See United States v. Baker,* 609 F.2d 134 (5th Cir.1980); *Chavira Gonzales v. United States,* 314 F.2d 750 (9th Cir.1963); *Doisher v. State,* 632 P.2d 242 (Alaska App.1981); *State v. Liebowitz,* 7 Conn.App. 403, 509 A.2d 43 (1986); *Parker v. Crist,* 190 Mont. 376, 621 P.2d 484 (1980); *State v. England, supra.* For this reason, we find no plain error mandating reversal of the conviction below.

## IV.

■ The defendant's final assignment of error is that the trial court abused its dis-

June, 1985, in Upshur County, West Virginia, deliver a controlled substance, namely marihuana, then you should find the Defendant guilty of delivery of a controlled substance, as charged in the Indictment herein."

6. Rule 30, W.Va.R.Crim.P., relates to instructions and provides in pertinent part: "[T]he court or any appellate court may, in the interest of justice, notice plain error in the giving or refusal to give an instruction, whether or not it has been made the subject of objection."

7. Syllabus Point 2 of *Hutchinson* provides:

"Although this Court may, under Rule 30 of the West Virginia Rules of Criminal Procedure, notice plain error in the giving of an erroneous instruction (in the absence of a proper and timely objection at trial), this Court will not ordinarily recognize plain error under such circumstances, even of constitutional magnitude, where the giving of the erroneous instruction did not substantially impair the truth-finding function of the trial."

8. Rule 52(b), W.Va.R.Crim.P., provides that "[p]lain errors or defects affecting substantial rights may be noticed although they were not brought to the attention of the court."

9. Syllabus Point 2 of *Hatala* states:

"The plain error doctrine of W.Va.R.Crim.P. 52(b), whereby the court may take notice of plain errors or defects affecting substantial rights although they were not brought to the attention of the court, is to be used sparingly and only in those circumstances in which a miscarriage of justice would otherwise result."

10. In *Nicastro,* we addressed the instructional error even in the absence of an objection "because the duty to give such an instruction is on the trial court. Syl. pt. 2, *State v. Dozier,* 163 W.Va. 192, 255 S.E.2d 552 (1979)." 181 W.Va. at 561 n. 4, 383 S.E.2d at 526 n. 4. Although the plain error doctrine was not expressly mentioned in *Nicastro,* it was clearly applied by the Court.

cretion in not granting him probation. As we noted in *Nicastro*, 181 W.Va. at 562, 383 S.E.2d at 527: " '[T]he matter of probation is within the sound discretion of the trial court.' *State v. Miller*, 172 W.Va. 718, 720, 310 S.E.2d 479, 481 (1983). *See also W.Va.Code*, 62–12–3 [1988]; *State v. Turley*, 177 W.Va. 69, 74, 350 S.E.2d 696, 700 (1986); *State ex rel. Simpkins v. Harvey*, 172 W.Va. 312, 321, 305 S.E.2d 268, 276 (1983)." We also noted, however, a growing trend to establish guidelines for sentencing in drug cases, particularly "where the illegal drug was marihuana, the amount delivered was less than 15 grams, and the conviction is the defendant's first criminal offense." 181 W.Va. at 562–63, 383 S.E.2d at 527–28. In Syllabus Point 6 of *Nicastro*, we set out the guidelines to be considered by the sentencing court:

> "Prior to imposition of a sentence of incarceration for a defendant convicted of delivery of less than 15 grams of marihuana in violation of *W.Va.Code*, 60A–4–401(a), as amended, who, although not within the 'without remuneration' exception of *W.Va.Code*, 60A–4–402(c), as amended, has no prior criminal record, a trial court must consider: (1) whether the defendant has a history of involvement with illegal drugs; (2) whether the defendant is a reasonably good prospect for rehabilitation; (3) whether incarceration would serve a useful purpose; and (4) whether available alternatives to incarceration, such as probation conditioned upon community service, would be more appropriate."

At the time of the defendant's sentencing, the trial court did not have the benefit of these guidelines. We note that the record reveals several factors that mitigate in favor of probation under *Nicastro*.[11] Accordingly, to ensure that the defendant's sentence is not unduly harsh, we remand this case to the circuit court for reconsideration of sentence in the light of the *Nicastro* guidelines.

## V.

For the reasons stated above, we find no error warranting reversal of the defendant's conviction, but we conclude that remand for reconsideration of sentence is appropriate. Accordingly, the judgment of the Circuit Court of Upshur County is affirmed, except as to the sentence imposed, and we remand the case to that court for further proceedings in accordance with the principles enunciated in this opinion.

Affirmed, in part; Remanded for Reconsideration of Sentence.

---

11. The presentence report did show that the defendant had previously been convicted, upon plea of nolo contendere, of the misdemeanor offense of destruction of property in September of 1982. The testimony at the sentencing hearing indicated that this charge resulted from the defendant "joyriding" in a wheelchair in a hospital parking lot while waiting for one of his friends to receive medical treatment in the emergency room. The destruction of property consisted of wear and tear on the wheels of the wheelchair, for which the defendant was fined $250.00 and assessed court costs in the amount of $15.00. This is not the sort of criminal offense that will preclude application of the *Nicastro* sentencing guidelines.

Other factors bearing on the sentencing issue include the fact that the defendant was found guilty of delivering only 5.4 grams of marijuana and appeared to have had limited prior involvement with illicit drugs, the probation officer's opinion that the defendant should be placed on probation, perhaps with a condition of community service, and a number of character references from family, friends, and community leaders attesting to the defendant's overall good character and prospects for rehabilitation.