472 S.E.2d 59

**STATE of West Virginia, Plaintiff Below, Appellee,**

v.

**Crossen T. LEASE, Defendant Below, Appellant.**

No. 22960.

Supreme Court of Appeals of West Virginia.

Submitted Jan. 10, 1996.

Decided April 10, 1996.

Silas B. Taylor, Managing Deputy Attorney General, Charleston, for the State.

Emmett Jessee Ballard, Assistant Public Defender, Princeton, for Appellant.

PER CURIAM.

This is an appeal by Crossen T. Lease (hereinafter "the Appellant") from an October 31, 1994, order of the Circuit Court of Mercer County sentencing him to an indeterminate term of three to twenty-three years upon his conviction of six counts of possession with intent to deliver a controlled substance.[1] The Appellant contends that the search warrant in this matter was not validly

---

1. The Appellant received one to five years for possession with intent to deliver marijuana, one to fifteen years for the cocaine violation, one to three years for the Valium violation, one to five years for the tylox violation, one to five years for the percocet violation, and one to five years for the luchem violation. The sentences on the last three counts were suspended with probation for a period of five years to commence upon completion of the Appellant's sentences in counts one, two, and three, effectively providing the Appellant with an indeterminate sentence of three to twenty-three years with probation.

obtained and that the jury instruction regarding the elements required to prove intent to deliver was inadequate. We affirm the decision of the lower court.

## I.

On February 7, 1994, the Appellant and his daughter were in his home in Oakvale, West Virginia, when the child's mother, Ms. Sherry Phillips, unexpectedly arrived at the residence.[2] The child was sleeping, and Ms. Phillips informed the Appellant that she planned to remove the child from the residence. According to the Appellant's testimony, Ms. Phillips smoked marijuana and drank tequila during this visit. Ms. Phillips testified that she had taken "at least ten" Valiums that day, had smoked four or five marijuana joints, and had spent the evening drinking bourbon and tequila. The Appellant physically removed Ms. Phillips from the home, and she pounded on the door and windows until the Appellant called the police.

When Trooper T.D. Bradley arrived, he arrested Ms. Phillips for public intoxication and possession of marijuana and transported her to police barracks. En route, she informed him that the Appellant had illegal guns and drugs in the home. Based upon Ms. Phillips' information, Trooper Bradley sought a search warrant for the Appellant's residence on February 8, 1994. The affidavit in support of the application for the warrant provided as follows:

> This officer rec'd [sic] a verbal statement from Sherry Phillips who lived with the accused approx. 5 year [sic]. She told this officer the accused had several illegal auto[matic] firearms and the location of same in the residence. She also told this officer where he place [sic] a small amount of marijuana and where he kept his large quantities.

No additional information was provided, and the warrant was issued by Magistrate Jerry Flanagan. Four officers executed the warrant at the Appellant's home and located legally registered firearms and illegal drugs.[3] Ms. Kathy Lawrence, a friend of the Appellant, was present at the home during the search. She was charged with grand larceny after she stole money from a room of the home where the officers had placed her during the search.

Subsequent to a September 1994 trial, the Appellant was convicted of six counts of possession with intent to deliver and was sentenced to an indeterminate term of three to twenty-three years. He appeals to this Court alleging that (1) the affidavit in support of the application for the search warrant failed to support the warrant and omitted facts which tended to diminish probable cause; and (2) the jury instruction regarding the elements of "intent to deliver" was inadequate.

## II.

The Appellant maintains that the information provided in the application for the warrant was insufficient to alert the magistrate to several determinative facts. For instance, from the application presented, the magistrate did not have knowledge that Ms. Phillips, the only individual upon whose information the application was premised, had been removed from the home under arrest for public intoxication and possession of marijuana. The Appellant also insists that the magistrate should have been alerted to Ms. Phillips' extreme state of agitation with the Appellant over the circumstances surrounding the visitation of the child and Ms. Phillips' desire to remove the child from the home. The Appellant contends that such information would have placed the magistrate on notice of Ms. Phillips' possible motivation to exaggerate or provide false details. The Appellant also argues that the magistrate should have been informed that Ms. Phillips' blood alcohol level was .095 and that Ms. Phillips did not inform the officer regarding the time period during which she allegedly

---

**2.** The Appellant and Ms. Phillips had not resided together for the prior 14 months, and the child had not visited the Appellant since that separation.

**3.** The police located marijuana, one-half gram of cocaine, 55 Valiums for which the Appellant had a prescription, four percocets, two luchems, and 15 tylox pills. A police dog trained in drug detection located additional drugs in the Appellant's car.

observed the illegal drugs or firearms in the Appellant's home.

■ In syllabus point one of *State v. Lilly,* 194 W.Va. 595, 461 S.E.2d 101 (1995), we explained as follows:

> To successfully challenge the validity of a search warrant on the basis of false information in the warrant affidavit, the defendant must establish by a preponderance of the evidence that the affiant, either knowingly and intentionally or with reckless disregard for the truth, included a false statement therein. The same analysis applies to omissions of fact. The defendant must show that the facts were intentionally omitted or were omitted in reckless disregard of whether their omission made the affidavit misleading.

*Id.* at 598, 461 S.E.2d at 104, Syl. Pt. 1. We also specified that recklessness is to be inferred from an omission only where the material omitted would have been clearly critical to the finding of probable cause. *Id.* at 601, 461 S.E.2d at 107 (citing *United States v. Ozar,* 50 F.3d 1440, 1445 (8th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 193, 133 L.Ed.2d 128 (1995)).

■ In syllabus point two of *Lilly,* we further stated that "[a] search warrant affidavit is not invalid even if it contains a misrepresentation, if, after striking the misrepresentation, there remains sufficient content to support a finding of probable cause. Probable cause is evaluated in the totality of the circumstances." *Id.* at 598, 461 S.E.2d at 104, Syl. Pt. 2. Additionally, the reviewing court must "determine whether ... supplemented with the omitted material, the remaining content of the affidavit is sufficient to establish probable cause." *Id.* at 601, 461 S.E.2d at 107. In *Lilly,* we determined that an affidavit underlying the warrant did not provide a substantial basis for determining the reliability of the confidential informant and was therefore insufficient to establish

probable cause to issue a warrant. *Id.* at 604, 461 S.E.2d at 110.

■ In *United States v. Collins,* 61 F.3d 1379 (9th Cir.), *cert. denied,* —— U.S. ——, 116 S.Ct. 543, 133 L.Ed.2d 446 (1995), the defendant argued that a warrant for the search of his trailer was not supported by probable cause and that he was entitled to a *Franks* hearing because the affidavit supporting the search warrant omitted the fact that the sheriff saw the defendant in possession of firearms in June 1993 and instead implied that the sheriff had seen the defendant shortly before the warrant was issued. *Id.* at 1384. *See Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978).[4] The Ninth Circuit determined that the defendant's "bare assertion that the omission of the June date was deliberate 'because the [ATF] agents knew the truth and failed to include it in the warrant application,' does not establish that the omission was the result of anything other than negligence or innocent mistake." 61 F.3d at 1384. The Ninth Circuit had previously addressed this issue in *United States v. Kyllo,* 37 F.3d 526 (9th Cir.1994) and had established a policy similar to our rationale in *Lilly. See* 194 W.Va. at 601, 461 S.E.2d at 107. The *Kyllo* court explained that a defendant is entitled to a *Franks* hearing upon a showing that the affidavit contains deliberate or reckless omissions that tend to mislead and demonstrate that the affidavit supplemented by the omissions would not be sufficient to support a finding of probable cause. *Kyllo,* 37 F.3d at 529. With regard to the Collins' assertion that the warrant was not supported by probable cause, the court found that the affidavit revealing that the defendant had previously admitted his possession of firearms and that an investigation disclosing prior convictions and two outstanding arrest warrants adequately established probable cause. *Collins,* 61 F.3d at 1384.

---

**4.** As we explained in syllabus point one of *State v. Walls,* 170 W.Va. 419, 294 S.E.2d 272 (1982),

> In *Franks v. Delaware,* 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the United States Supreme Court held it constitutionally permissible under certain conditions to attack a

search warrant affidavit. If such attack is successful, this will result in voiding the search warrant and rendering the property seized under such warrant inadmissible.

170 W.Va. at 420, 294 S.E.2d at 274.

■ In the case at bar, we must determine whether, after striking any misrepresentations and supplementing with any omitted material, there is sufficient information to establish probable cause. In footnote ten of *Lilly*, we set forth a useful definition of probable cause as follows:

Probable cause has been defined as reasonable grounds for belief, supported by less than prima facie proof but more than mere suspicion. The task of a magistrate in issuing a warrant is "simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit before him, including the 'veracity' and 'basis of knowledge' of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place." *Illinois v. Gates,* 462 U.S. 213, 238, 103 S.Ct. 2317, 2332, 76 L.Ed.2d 527, 548 (1983). In other words, facts which would lead a reasonably cautious person to believe the search will uncover evidence of a crime will support a finding of probable cause.

194 W.Va. at 602, 461 S.E.2d at 108, n. 10.

We do not believe that the absence of certain facts within the affidavit in this case was the result of calculated, deliberate, or malicious intent. Reexamining the affidavit with the inclusion of the issues surrounding Ms. Phillips' possible deleterious motivation regarding her characterization of the Appellant, we find that the affidavit still supports a finding of probable cause based upon its sufficient allegation of "facts which would lead a reasonably cautious person to believe the search will uncover evidence of a crime...." *Id.* The inclusion of facts regarding Ms. Phillips' possible malevolence toward the Appellant does not invalidate the probable cause otherwise demonstrated by the affidavit.

### III.

The Appellant also contends that no adequate jury instruction regarding the elements of "intent to deliver" was provided to the jury and that his conviction for possession with intent to deliver is invalid absent such instruction. The only instruction tangentially addressing that issue provided as follows:

It is the duty of the State to allege and prove criminal intent and if from the whole evidence, the jury has a reasonable doubt as to whether such intent existed, then you should find the petitioner not guilty. Intent may be shown by inferences from all the facts and circumstances in the case, including the actions of the petitioner and, if from all this you are satisfied beyond a reasonable doubt that the petitioner intended to do that which he did or that which was the immediate and necessary consequence of his act, you may find that intent has been shown.

Although no objection was raised at trial, the Appellant now maintains that his conviction should be reversed on this issue because the inadequacy of the instruction resulted in jury confusion. The Appellant asserts that failure to give a proper instruction on "intent to deliver" was error, regardless of any failure to object at trial. Indeed, we explained in *State v. Miller,* 194 W.Va. 3, 459 S.E.2d 114 (1995), that the absence of a specific objection at trial is not fatal to argument on appeal where the issue is so fundamental and prejudicial as to constitute plain error. 194 W.Va. at 18, 459 S.E.2d at 129.

■ We have previously stated that we review a trial court's failure to give a requested instruction or the giving of a particular instruction under an abuse of discretion standard, but where a question is posed regarding whether the jury instructions failed to state the proper "legal standard," our review is plenary. *State v. Guthrie,* 194 W.Va. 657, 671, 461 S.E.2d 163, 177 (1995). In syllabus point four of *Guthrie,* we explained as follows:

A trial court's instructions to the jury must be a correct statement of the law and supported by the evidence. Jury instructions are reviewed by determining whether the charge, reviewed as a whole, sufficiently instructed the jury so they understood the issues involved and were not misled by the law. A jury instruction cannot be dissected on appeal; instead, the entire instruction is looked at when determining its accuracy. A trial court, therefore, has

broad discretion in formulating its charge to the jury, so long as the charge accurately reflects the law. Deference is given to a trial court's discretion concerning the specific wording of the instruction, and the precise extent and character of any specific instruction will be reviewed only for an abuse of discretion.

*Id.* at 663–64, 461 S.E.2d at 169–70.

We recognized in *Miller* that "[w]ithout [adequate] instructions as to the law, the jury becomes mired in a factual morass, unable to draw the appropriate legal conclusions based on the facts." 194 W.Va. at 15, 459 S.E.2d at 126 n. 20. In *Guthrie*, we explained as follows:

The purpose of instructing the jury is to focus its attention on the essential issues of the case and inform it of the permissible ways in which these issues may be resolved. If instructions are properly delivered, they succinctly and clearly will inform the jury of the vital role it plays and the decisions it must make.

194 W.Va. at 672, 461 S.E.2d at 178.

■ Nevertheless, we expressly stated in *Miller* that counsel cannot remain silent in the trial court and then for the first time on appeal spring out an objection that if made in the trial court would have given the trial judge an opportunity to correct the alleged error. 194 W.Va. at 18, 459 S.E.2d at 129. Rule 30 of the West Virginia Rules of Criminal Procedure confirms our allegiance to the "raise or waive" rule. The one exception is "plain error." Thus, our review of the lack of a more specific instruction on intent is reviewed only for plain error. *See State v. England,* 180 W.Va. 342, 376 S.E.2d 548 (1988).

As a general rule, our cases consistently have refused to recognize plain error, even error of constitutional dimension, where the giving of an inadequate instruction did not substantially impair the truth-finding function of the trial. *See* Syl. Pt. 2, *State v. Hutchinson,* 176 W.Va. 172, 342 S.E.2d 138 (1986). Indeed, in *State v. Nicholas,* 182 W.Va. 199, 387 S.E.2d 104 (1989), a case involving the delivery of marijuana, we held that the failure totally to instruct the jury on the element of intent had no impact on the truth-finding function process and, therefore, was not plain error. 182 W.Va. at 203, 387 S.E.2d at 108.

■ As in *Nicholas,* we find that the alleged faulty instruction on intent does not rise to the level of plain error.[5] In fact, we find the intent instruction given by the trial court to be adequate in light of the absence of an objection or request for a more specific instruction. Where a defendant's theory turns on lack of intent, jury instructions that accurately reflect the intent required for the offense obviate the need for a more specific instruction on intent. Because the specific instruction given on intent required the jury to acquit if the jury had "a reasonable doubt as to whether such intent existed," any further instruction on intent was unnecessary absent a specific request. The instruction given fairly and accurately explained the relevant legal standard, and defense counsel had a full opportunity to argue his case to the jury. In the absence of a specific request, our concern is not whether the jury instructions describe in detail every aspect of legal behavior, but whether the jury instructions adequately define what is illegal behavior. The jury was adequately instructed, and we find no reversible error.

Affirmed.

■

---

5. The record is silent as to why counsel did not object or request a more specific instruction. It is conceivable, considering the circumstantial nature of the case, that counsel felt the chances of acquittal were better without a specific instruction on intent to deliver. As we stated in *State v. Spence,* 182 W.Va. 472, 388 S.E.2d 498 (1989),

"[t]he plain error rule presupposes that the record is sufficiently developed to discern the error." 182 W.Va. at 481, 388 S.E.2d at 507. Here, we have no basis for knowing whether the counsel as a trial tactic waived the opportunity to request a more specific instruction.